JONESBORO AND FAIRMOUNT TURNPIKE CO. *v.* BALDWIN.

PLEADING.—*Turnpike.*—*Action for Damages.*—*Notice.*—*Negligence.*—*Contributory Negligence.*—In an action against a turnpike company, to recover damages for an injury received by the plaintiff while travelling on the road of the defendant, alleged to have been caused by a defect in such road, which, as alleged, the defendant had negligently suffered and permitted to become and remain out of repair, the facts alleged in the complaint showed, that, prior to travelling over such road and receiving such injury, the plaintiff had notice of such defect.

*Held,* on demurrer, that the complaint is insufficient, the allegations thereof showing the plaintiff to have been guilty of contributory negligence.

SAME.—*Evidence.*—On the trial of such action, the evidence showed, that the plaintiff, with notice of such defect, and with an opportunity to have avoided injury by travelling upon another and equally convenient road, had passed over the road of the defendant, merely because he preferred so to do, and had been injured in so doing, by reason of such defect.

*Held,* that he was guilty of contributory negligence, and can not recover.

SAME.—*Practice.*—*Pleading.*—In such an action, facts tending to establish contributory negligence on the part of the defendant are admissible in evidence under the general denial, without being specially pleaded.

From the Grant Circuit Court.

*I. Van Devanter, J. F. McDowell* and *D. V. Burns,* for appellant.

*A. Steele* and *R. T. St. John,* for appellee.

PERKINS, C. J.—Suit by the appellee, against the appellant, to recover damages for injuries occasioned by a defect in appellant's highway.

A demurrer to the complaint, because it did not show a cause of action, was overruled, and exception taken.

Answer in two paragraphs:

1. General denial; and,

2. That the plaintiff was guilty of contributory negligence.

This second paragraph, we may observe, was included in the first.

The issue was tried by a jury, and a verdict of five hundred and thirty-two dollars and fifty cents rendered.

A motion for a new trial was denied, and judgment rendered on the verdict. The evidence is in the record.

Two alleged errors are assigned:

1st.   Overruling the demurrer to the complaint; and,

2d.   Overruling the motion for a new trial.

The causes assigned for a new trial were:

1.   Verdict contrary to evidence and law; and,

2.   Error in giving and refusing instructions, specifying them.

The complaint contained, among others, these allegations:

" The defendant carelessly and negligently suffered and permitted the gravel on said road to become worn, so that a deep hole was made in one side of the track of said road, which plaintiff, with reasonable care and prudence, could not avoid, notwithstanding plaintiff had notified defendant of the fact that the same was so out of repair at said last named place."

Upon the authority of the case of *The President, etc., of Mount Vernon* v. *Dusouchett*, 2 Ind. 586, we hold the complaint in the case under consideration bad. The case cited is directly in point. It has been repeatedly followed. *Riest* v. *The City of Goshen*, 42 Ind. 339, and cases cited.

Taking the allegations in the complaint altogether, they show that the plaintiff knew of the hole in the road, before he ran into it.

On the trial, the plaintiff testified thus:

" In July, 1872, I was teaming from Jonesboro to Fairmount. There was a place, near a bridge, worn off into quite a sink, about eight or more inches deep. I filled it up a time or two with chunks. There was no chance to get round it. The wheel would go down quick, eight or ten inches. I told Samuel Eastus, the toll-gate keeper, a half a dozen times, to fix it, a month or so before the accident. I told him I would quit paying toll, if they did not fix it.  *  *  *  I was very careful that morning.  *  * I tried to keep out of the wagon track. I went nearly

two feet to the left, and think by so doing I avoided the worst of it. * * * I knew it was a bad place. I might have gone another road, but I wanted to go on the pike. There was another road; sometimes I went it. The other road was tolerably good at that time, but I preferred going on the pike."

If there is any legal proposition thoroughly established as a general rule it is this, that a party can not recover compensation for an injury, which, by the exercise of reasonable care, he could have avoided. Controversy is at an end upon this proposition. *Louisville, etc., Railway Co.* v. *Boland,* 53 Ind. 398.

That the injury complained of in this case could have been avoided by the use of such care, appears plain, upon a bare reading of the plaintiff's testimony. It falls within no exception to the general rule.

The judgment is reversed, with costs, and the cause remanded, etc.