WILLIAM BLAKE, JR., *et ux. vs.* INHABITANTS OF NEWFIELD.

York.    Decided July 1, 1878.

*Way,—defective.*

When one voluntarily leaves the highway for any purpose, and on going out of it or returning into it, at a point which the town has not prepared for travel, receives an injury from an obstacle outside the traveled path, the town is not responsible. And it makes no difference whether the obstacle is without or within the limits of the way as located, provided it is so situated as not to create a danger or an inconvenience to travelers who keep within that portion of the way which is prepared for travel.

That which was not a defect before cannot be made so by another and an independent defect having no connection with it.

The highway was safe and convenient, except that the owner of the adjoining land in building a cattle pass opened a trench across the entire width of the traveled portion of the road, rendering it temporarily impassable. The plaintiff, to get by this obstruction, passed through the adjoining field, and in coming from the field into the road, her carriage struck a rock within the limits, but outside of the wrought portion of the highway, and she was thrown out and hurt. *Held*, that the town was not liable.

ON MOTION of the defendants to set aside the verdict, which was for the plaintiffs.

CASE for injuries received by plaintiff wife from an alleged defect in a highway.

*C. R. Ayer & G. F. Clifford*, for the defendants.

*W. J. Copeland*, for the plaintiffs.

WALTON, J. We think the verdict in this case was clearly wrong. It is an action to recover damages occasioned by an alleged defect in one of the highways in the town of Newfield. There is so little dispute about the facts that the case presents substantially a question of law only.

The facts are these: The highway was in all respects safe and convenient except that the owner of the adjoining land had undertaken to build a cattle pass across it, and in doing so had opened a trench across the entire width of the traveled portion of the road, thereby rendering it temporarily impassable. To enable travelers to get by this obstruction, the fences were removed and they were allowed to pass through the adjoining field. The plaintiff had twice so passed on the day previous to the accident. On the day of the accident she undertook to pass in the same way, and, in coming into the road from the adjoining field, her carriage struck a rock and she was thrown out and injured. The rock was within the limits of the way as located, but not within the wrought portion of it. It was a rock naturally existing in the soil, and was upon the side of the road outside of the ditch, and created no danger or inconvenience to travelers passing along the wrought portion of the road in the usual way.

Are towns responsible for injuries thus received? We think not.

It was decided in *Howard* v. *North Bridgewater*, 16 Pick. 189, that towns are not obliged to keep the whole of a highway free from obstructions; that in many cases all the property of the town would not be sufficient for that purpose; and that they are not responsible for injuries occasioned by stones outside of the wrought portion of the road and beyond the ditches. The doctrine of this case has been many times affirmed, and was affirmed by this court in *Dickey* v. *Maine Telegraph Co.*, 46 Maine, 483, and many subsequent cases.

In *Tisdale* v. *Norton*, 8 Met. 388, the court held that if one voluntarily leaves the highway because he finds it obstructed and impassable, and goes upon the adjoining land and there receives an injury, the town is not responsible; and the doctrine in this case has been many times affirmed.

In *Shepardson* v. *Colerain*, 13 Met. 55, and in *Smith* v. *Wendell*, 7 Cush. 498, and in *Kellogg* v. *Northampton*, 4 Gray, 65, the principle of the last case was applied to obstructions upon the sides of a road. In the latter case (4 Gray, 65), the court say that towns are not liable for obstructions or defects in portions of the highway not a part of the traveled path, and not so connected with it that they would affect the safety or convenience of those traveling on the highway and using the traveled path; and that a town would not be liable where an injury is received by one in passing to or from the highway, although it is caused by a defect within the limits of the highway as located by law, but outside of the way used for public travel. And the doctrine of these cases was affirmed in *Leslie* v. *Lewiston*, 62 Maine, 468.

We think the doctrine of these cases is correct,—namely, that when one voluntarily leaves the highway for any purpose, and in going out of it or returning into it, at a point which the town has not prepared for travel, receives an injury from an obstacle outside of the traveled path, the town is not responsible. That it can make no difference whether the obstacle is without or within the limits of the way as located, provided it is so situated as not to create a danger or an inconvenience to travelers who keep within that portion of the way which is prepared for travel. The town is under no more obligation to remove stones or other obstacles, naturally existing in the soil, within the limits of the way but outside of that portion of it prepared for travel, than it is to remove similar objects in the adjoining fields. That which was not a defect before cannot be made so by another and an independent defect having no connection with it.

The ditch across the road was undoubtedly a defect, but that did not make all obstacles upon the sides of the road defects, simply because travelers, in order to get by the ditch, might want to use the sides of the road. The remedy was to fill up the ditch

across the road, and not to remove all possible obstacles to travel upon the sides of it.

*Motion sustained.   New trial granted.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.