## Neff *v.* The Mooresville and Waverly Gravel Road Co.

TURNPIKE.—*Minimum Width of.*—Under the first specification of section 1 of the act of June 9th, 1852, 1 R. S. 1876, p. 664, "to amend acts of incorporation for the construction of plank roads and turnpike roads," the minimum width of a turnpike consisting of a single track is eight and one-half feet.

SAME.—*Gravel Road.*—The words "turnpike roads," as used in that act, include gravel roads.

Neff v. The Mooresville and Waverly Gravel Road Co.

From the Morgan Circuit Court.

J. H. Jordan, G. W. Grubbs and M. H. Parks, for appellants.

W. R. Harrison and W. E. McCord, for appellee.

Howk, J.—This suit was commenced by the appellee, against the appellant, before a justice of the peace of Morgan county, to recover an amount claimed to be due and owing from the appellant, as tolls for his use of the appellee's road.

The trial of the cause before the justice resulted in a finding and judgment for the appellant, from which the appellee, the plaintiff, appealed to the circuit court.

The cause was tried by a jury in the court below, and a verdict was returned for the appellee, in the sum of twelve dollars; and the appellant's motion for a new trial having been overruled, and his exception entered to this ruling, judgment was rendered on the verdict.

The only error properly assigned by the appellant in this court is the decision of the circuit court in overruling his motion for a new trial  The causes assigned for such new trial were as follows:

1.  The verdict of the jury was not sustained by sufficient evidence;

2.  The verdict was contrary to law;

3.  The court erred in giving the jury instructions numbered 1, 2, 3 and 5, at the appellee's request;

4.  Error of law occurring at the trial; and,

5.  Error of the court in refusing instruction 2, and in modifying instruction 1, asked by the appellant.

On the trial of this cause, the following facts were admitted, as shown by a bill of exceptions properly in the record:

" That the company " (the appellee) " was duly and legally organized; that the company established rates, and commenced taking tolls, in November, 1874; that, at the

time plaintiff commenced exacting tolls, three miles of its road-bed was [were] gravelled, making a smooth track and forming a hard and even surface; that defendant was accustomed to travel upon said road, but refused to pay the tolls demanded, upon the alleged ground that the road was not completed—its track being too narrow, and not sufficient to accommodate, with convenience and safety, the ordinary travel of the public; that, if tolls were collected, defendant's toll on the road amounted to as much as the judgment herein, and was unpaid when this suit was commenced; and that the company never permanently maintained but one gate on its road, that being near the corporation line of the town of Mooresville, and there kept a gate and its by-laws, fixing the rates of toll, publicly posted."

Besides the facts thus admitted, much evidence was introduced by the parties on the trial, bearing upon the alleged ground on which the appellant had refused to pay the tolls demanded, namely, that the appellee's road was not completed, that its track was too narrow and was not sufficient to accommodate, with convenience and safety, the ordinary travel of the public. It will be seen therefore, that the main question for decision in this case, as well in this court as in the circuit court, may be thus stated: What are the requisites of a gravel or turnpike road, under the statutes of this State, to enable its owner to demand and exact tolls for its use by the travelling public?

Upon this question, the court below instructed the jury trying the cause, in substance as follows:

" 3. The plaintiff is not by law required, before she could lawfully collect tolls from persons travelling on and using her road, to construct her road of any particular width, or of a double track. All she was required to do, to enable her to charge and force the collection of tolls of persons using it, was to make it either of plank, stone,

gravel or other hard material, in such manner as to receive and maintain a smooth and permanent road, of a hard and even surface, not less than eight and a half feet in width, and so keep the same in repair as to be convenient for public travel, and as not to hinder or delay travellers for any unreasonable length of time.

"5.   The fact that plaintiff's road at certain points is but of single track in width, and that at such points loaded vehicles can not pass each other, or can not pass each other without great care and precaution, is no defence to plaintiff's action for tolls due from defendant, if, near to such points, the road of plaintiff is of sufficient width for such vehicles to pass safely ; and the hindrance or delay, which may be occasioned persons travelling or hauling on the road, in having to wait at such points until vehicles approaching or meeting them arrive at or pass them, is not such unreasonable hinderance or delay of travellers as will exempt them from liability for tolls for using the road. Therefore, if you find that plaintiff's road, during the period for which these tolls against the defendant were accruing, was in other respects sufficient, ' smooth and permanent,' ' hard and even,' and not less in its track than eight and a half feet in width, you should find for plaintiff and against defendant, for the amount of tolls accruing against defendant."

These two instructions are complained of by the appellant's counsel, in their brief of this cause in this court, as erroneous.   It seems to us, however, that these instructions contain a full and fair statement of the requirements of the statutes of this State in relation to turnpike or gravel roads, and the rights and powers of the corporate owners of such roads to exact tolls for their use, from the public.   The appellee was " duly and legally organized," under the provisions of " An act authorizing the construction of plank, macadamized, and gravel roads," approved

May 12th, 1852, 1 R. S. 1876, p. 654. There is nothing in this act, which requires the appellant to construct its road of any specified width. In section 3 of said act, it is provided that the directors of such a corporation may determine the manner of construction, so as to secure and maintain " a smooth and permanent road ;" and the " track " of such road was to be made of such " hard material" as would form " a hard and even surface."

It was an admitted fact, on the trial of this cause, that, at the time the appellee commenced the exaction of tolls, " three miles of its road-bed were gravelled, making a smooth track, and forming a hard and even surface." In section 13 of the above entitled act, as amended by an act approved February 28th, 1855, it is provided that whenever three consecutive miles of such a road have been completed, etc., the company may erect toll-gates and exact tolls not exceeding certain specified rates, 1 R. S. 1876, p. 659. In section 10 of said act, it was provided, that. if such a company should suffer its road "to be out of repair to the hindrance or delay of travellers for any unreasonable length of time," it should have no right to collect tolls thereon, until its road was repaired. 1 G. & H. 477.

In this case the appellant based his refusal to pay the appellee tolls for his use of its road, upon the express ground that its road was not completed, and this for the sole reason that its track was " too narrow, and not sufficient to accommodate, with convenience and safety, the ordinary travel of the public." It is conceded by the appellant's counsel, as we understand them, that there is no provision in the above entitled act of May 12th, 1852, " directly fixing the legal width of gravel roads." After the passage of that act, the same General Assembly, at the same session thereof, passed an act entitled " An act to amend acts of incorporation for the construction of plank roads and turnpike roads," approved June 9th,

1852. In the first clause of the first section of this latter act, it was provided, that all acts of incorporation theretofore .granted for the construction of "plank roads and turnpike roads" should be amended as follows:

"*First.* Where they are now required to construct a double track either of plank or metal, the same may be changed to a single track, not less than eight and one-half feet in width." 1 R. S. 1876, p. 664.

It is very evident, we think, that the court, in its instructions, above set out, had reference to this clause of the statute, and regarded the same as an expression of the legislative will as to the minimum width of a single track road. It seems to us, that this provision of the statute was applicable to this case, and that the court did not err in either of the instructions, in regard to the necessary width of the appellee's road.

It is claimed by the appellant's attorneys, in argument, that the statutory provision last quoted is not applicable to the case at bar, because, both in the title and the body of the act, plank roads and turnpike roads are specifically mentioned, and gravel roads, such as the appellee's road, are not in terms alluded to. This construction of the statute is, we think, entirely too narrow and technical, and we are not inclined to adopt it. In Worcester's Dictionary a turnpike-road is defined to be " A road made by individuals, or by a corporation, on which tolls are collected." This definition is certainly broad enough to include gravel roads, on which, under the statutes of this State, tolls may be lawfully collected.

We are clearly of the opinion, therefore, that the appellant's objections to the instructions of the court, in regard to the minimum width of the appellee's road, are not well founded, and ought not to be sustained.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.