### No. 9791.

### WILSON v. THE TRAFALGAR AND BROWN COUNTY GRAVEL ROAD COMPANY.

NEGLIGENCE.—*Turnpike Company.*—*Pleading.*—*Contributory Negligence.*—A complaint against a turnpike company for injury in consequence of the careless and obviously defective construction of the defendant's road, which avers that the " plaintiff was using great care, when, without any fault or carelessness of plaintiff," the injury occurred, that it was "caused wholly by the negligence and carelessness of the defendant, and without the fault or negligence of the plaintiff," sufficiently negatives contributory negligence on the part of the plaintiff, and is good on demurrer.

From the Johnson Circuit Court.

*R. M. Miller* and *H. C. Barnett*, for appellant.

*G. M. Overstreet* and *A. B. Hunter*, for appellee.

FRANKLIN, C.—Appellant sued appellee for damages for injuries occurring while passing over its road.

A separate demurrer was sustained to each paragraph of the complaint.

The only errors assigned are upon the rulings on the demurrers.

The first paragraph (omitting the preliminary matters) avers: "That said gravel road is now used by the general public as a public highway, and has been so used for a long time, to wit, two years last past; and that during the whole

of said time the said defendant has had full and complete control of said road, collecting tolls for travel thereon from the public, under the laws of the State of Indiana; and that, during the whole of the time for the year last past, the defendant has carelessly, wrongfully and negligently suffered, permitted and allowed said road to become, be and remain greatly out of repair at a point about one mile south of the said town of Trafalgar aforesaid, in this, to wit: That at a fill in said road between two hills, where, in building the same, said company raised the grade of said road to a great height above the surface of the ground below, to wit, ten feet, defendant left, permitted and carelessly and negligently allowed said grade to be and remain so narrow that it became dangerous for persons to pass upon and over said road at said place with horses and wagons, and carelessly and negligently allowed and permitted the slope of said road to either side from the center thereof to be, become and remain so steep, and the descent from either side thereof to the surface of the land below to be and remain so abrupt and steep, that it was and became dangerous for persons to pass said point with horses and wagons as they lawfully might; that said road remained in said condition above during the whole of said time above; that during the whole of said time aforesaid said defendant had notice of said defects in said road aforesaid, but failed, neglected and refused to repair the same; that on the 25th day of November, 1880, and while said gravel road was in the condition above set forth, plaintiff was passing along and upon said gravel road at the point where the same was so out of repair as above, with four horses hitched to a log wagon, and with a load of saw-logs upon said wagon, plaintiff exercising and using great care in driving said team along said road, when, without any fault or carelessness of plaintiff, his said wagon slipped off of said grade of said road, turning over and falling to the surface of the earth below, a great distance, to wit, ten feet, dragging and pulling said horses and this plaintiff after it off of said grade, breaking and injuring

said wagon in the sum of fifty dollars, hurling, injuring, bruising and wounding said horses, so that they became sore and stiff, and unable to perform any labor for a long while, to their damage and injury one hundred dollars, and bruising wounding and crippling said plaintiff by the said horses falling in and upon him, rendering him unconscious for a long time, to wit, three hours, and greatly and permanently injuring his shoulders, and bruising his legs, arms and body, and rendering him sick and sore, and causing him great mental and bodily pain, and preventing him from following and engaging in his usual avocation (as he had previously done) for a long period, to wit, four months, all to plaintiff's injury three thousand dollars; that said injury was caused wholly by the negligence and carelessness of the defendant, and without the fault or negligence of the plaintiff."

The second paragraph only varies from the first by alleging that before the construction of said gravel road there was a good and safe dirt road around said point, and that at said place defendant had so closed up and obstructed said dirt road that the same could not be passed over; and that said defects existed in the original construction of said gravel road, and have remained and continued ever since.

The objection to these paragraphs is, that they do not sufficiently show that appellant was without fault, and was not guilty of contributory negligence.

It has been repeatedly held by this court that a complaint for damages on account of injuries resulting from the negligence of others, in order to be good, must show by direct averments, or by the facts stated, that the plaintiff was without fault and not guilty of contributory negligence; and if the complaint contains the direct averments, but the facts stated still show that the plaintiff was in fault and guilty of contributory negligence, a demurrer will be sustained to the complaint; or, if the complaint does not contain the direct averments, and the facts stated do not show that the plaintiff was without fault, and not guilty of contributory negligence,

it will also be held bad on demurrer. *Pennsylvania Company* v. *Gallentine*, 77 Ind. 322; *Riest* v. *City of Goshen*, 42 Ind. 339; *Town of Salem* v. *Goller*, 76 Ind. 291.

These paragraphs of the complaint contain the averments that the plaintiff used great care in driving his team upon this part of the road, and that the accident occurred without his fault, and wholly by the negligence of the defendant. But it is insisted by appellant that the plaintiff must have known and could see the danger of driving upon that part of the road, and that it was therefore negligence in attempting to drive upon it.

In the case of *City of Huntington* v. *Breen*, 77 Ind. 29, this court held that "if the plaintiff had notice of the dangerous character of the sidewalk where she was hurt, before and at the time she entered upon it, she would have been required to exercise more care in passing than if she had had no notice of it. Ordinary care and prudence are relative terms. What would be ordinary care under one set of circumstances might be negligence under another."

And the following language from 2 Thompson on Negligence, p. 1203, section 52, is approvingly quoted: "Knowledge of a defect existing in the highway is not, in general, conclusive evidence of negligence in attempting to pass it. One injured upon a street he knew to be dangerous need not show that he exercised extraordinary care while upon such street. *A fortiori*, he is not obliged to keep off from such a street altogether. One may proceed if it is consistent with reasonable care to do so; and this is generally a question for the jury, depending upon the nature of the obstruction or insufficiency of the highway, and all the surrounding circumstances."

Upon the foregoing authorities, if the plaintiff did have knowledge of the defects and dangers in the road, the averments that he used great care in driving over them, that the injury occurred without any fault on the part of the plaintiff, and wholly by the negligence of the defendant, would be suf-

ficient in the complaint to make the question of contributory negligence an issuable fact to be submitted to the jury.    We do not see how the direct averments could be made any stronger, and the facts stated in the complaint do not clearly show that the plaintiff was guilty of contributory negligence.

The third paragraph of the complaint varies from the first by stating that the plaintiff had knowledge of the defects and dangers in that part of the road, and avers that there was no other convenient, safe and direct road for him to pass over in order to reach the desired point.    The case at bar may be distinguished from the case of *Jonesboro and Fairmount Turnpike Co.* v. *Baldwin*, 57 Ind. 86.    The facts in that case were, the plaintiff knew it was a bad place in the road, and that he might have gone another road, but wanted to go on the pike. There was another road; sometimes he went it.    The road was tolerably good at that time, but he preferred going on the pike.    Upon these facts the court held that the injury could have been avoided by the use and exercise of reasonable care, by passing over the other road.    In this case there was no other road, without going considerably out of his way, over a very rough, muddy and almost impassable road.    Hence that case can not be regarded as applicable to this.

In the case of *Buesching* v. *St. Louis Gaslight Co.*, 12 Central Law Journal, 273, the Supreme Court of Missouri held that "No person is required to abandon a convenient or accustomed route of travel in a city, because of dangerous excavations near the highway, unless the use of the way under such circumstances would be inconsistent with the exercise of reasonable and ordinary care."    And that the traveller, if injured thereby, may recover, notwithstanding his knowledge of the existence of the nuisance, providing he was at the time using ordinary care.    Citing *Smith* v. *City of St. Joseph*, 45 Mo. 449 ; 2 Thompson Negligence, pp. 1203-4-5-6.    In the case of *Thomas* v. *Western Union Telegraph Co.*, 100 Mass. 156, Hoar, J., says: "The question is not, in any case, whether the traveller knew of the defect, and might possibly have

stopped or avoided it; but whether he had reasonable cause to think that he might escape from it by the means which he adopted, and used reasonable care in making the attempt." *Turner* v. *Buchanan*, 82 Ind. 147.

The road, in the case under consideration, was being used by the public. The defendant was collecting toll for the use of the same, thereby holding out to the public that, with reasonable care, it was safe to pass over. And we think that the allegation that the plaintiff used great care in driving his team over that part of the road, is sufficient to require the question of contributory negligence, notwithstanding the plaintiff's knowledge of the defects, to be submitted to the jury upon the trial of the issues, and that a demurrer ought not to be sustained to either paragraph of the complaint. The court below erred in sustaining the demurrers, for which the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things reversed, and that the cause be remanded with instructions to the court below to overrule the demurrers to the complaint, and for further proceedings in accordance with this opinion, at the costs of the appellee.