Filed Dec. 31, 1884.

---

No. 11,511.

## THE CITY OF INDIANAPOLIS *v.* COOK.

NEGLIGENCE.—*Question of Law.*—The facts being found, negligence is a pure question of law to be decided by the court.

SAME.—*Verdict.*—*Special Finding of Facts.*—*Cities.*—*Street.*—*Sidewalk.*—Suit against a city for injury in consequence of an obstruction in a sidewalk. Answering interrogatories, the jury found the obstruction to have been a water-box 6 by 7½ inches, and 1¼ inches above the level of the sidewalk; that the plaintiff had knowledge of it. The plaintiff, in the dark when it was difficult to see it, stumbled over it and was injured.

*Held,* that the defendant should have judgment, notwithstanding an adverse general verdict.

From the Superior Court of Marion County.

*C. S. Denny* and *D. V. Burns,* for appellant.

*J. Coburn* and *W. Irvin,* for appellee.

HAMMOND, J.—Action by the appellee against the appellant, the City of Indianapolis, Philip Reichwein, and the In-

dianapolis Water Company, for an injury resulting from an alleged obstruction in the sidewalk in front of the premises of said Reichwein. The defendants answered separately by the general denial. After submission to the jury for trial, appellee dismissed as to the water company. A verdict was returned for Reichwein, but in appellee's favor, against appellant; and with their general verdict the jury, in answer to interrogatories submitted by the court at the request of the parties, made a special finding of facts. Upon the facts thus found appellant moved for judgment in its favor notwithstanding the general verdict. This motion, and also appellant's motions for a *venire de novo* and for a new trial, were overruled. Questions as to the correctness of these rulings are properly presented.

The facts specially found by the jury, so far as they are material, were, in effect, as follows :

In the sidewalk in front of the premises of Reichwein, on Market street, in the city of Indianapolis, there was a water-box, six by seven and one-half inches in size, and extending one and a quarter inches above the level of the sidewalk. The appellee stumbled and fell over said water-box on the night of December 30th, 1881, receiving the injuries complained of in the present action. At the time of the accident it was dark and raining, and difficult for the appellee to see the water-box. She was at that time well acquainted with the condition and situation of the water-box, having for about sixty days prior thereto passed over the part of the sidewalk where it was located, as often as two or three times each day.

In an action like the present, the law is well settled that there can be no recovery if the plaintiff's negligence or want of care contributed in any way to the injury complained of. *Pennsylvania Co.* v. *Gallentine*, 77 Ind. 322, and authorities cited on p. 329. Negligence consists in the omission or commission of some act which a reasonable and careful man would, or would not, do. *Howe* v. *Young*, 16 Ind. 312.

From the nature of the obstruction in question, with the appellee's knowledge of its condition and situation, it is manifest that with ordinary care she might have passed it, either to the right or to the left, or stepped over it, with safety. It seems that it was not so dark but that she could see the water-box, but if the darkness had been ever so great, care in providing a light, or in walking, would have avoided stumbling and falling over the alleged obstruction. We think that this was a case where knowledge, such as was possessed by appellee, of the existence of the defect or obstruction in the sidewalk which caused the injury, was conclusive of contributory negligence.

In *President, etc.,* v. *Dusouchett,* 2 Ind. 586, it was said: "If a person knows there is an obstruction in a street, and he attempts to pass the place when, in consequence of the darkness of night, or of the rise of water over the street, he can not see the obstruction, he has no reason to complain of the injury he may receive on the occasion."

In *Riest* v. *City of Goshen,* 42 Ind. 339, which was an action to recover for an injury received in driving over a bridge, alleged to be " dangerous to all who should pass on the same," it was said: "The law is well settled, that if the plaintiff or his servant knew of the true condition of the bridge when the team and wagon were driven upon it, he can not, under such circumstances, recover."

In *Jonesboro, etc., Turnpike Co.* v. *Baldwin,* 57 Ind. 86, which was an action for an injury sustained from a defect in the defendant's road, it was held that the plaintiff's knowledge of such defect before driving into it precluded a recovery on the ground of contributory negligence.

In *Bruker* v. *Town of Covington,* 69 Ind. 33 (35 Am. R. 202), the following instruction to the jury was held to have been properly given: "1st. If the plaintiff knew the opening or cellar way was in the sidewalk, and he attempted to pass the place where it was, when, in consequence of the darkness of the night, he could not see it, he has no legal reason to complain

of the injury he received on account of the fact that the opening or cellar way was there. In such cases he must be treated as having taken the risk upon himself, and this too although at the time the fact of the existence of the opening was not present to the plaintiff's mind."

As sustaining the foregoing cases, see also *Morford* v. *Woodworth,* 7 Ind. 83; *Board of Trustees, etc.,* v. *Mayer,* 10 Ind. 400; *Wood* v. *Mears,* 12 Ind. 515; *Thompson* v. *Cincinnati, etc., R. R. Co.,* 54 Ind. 197; *Louisville, etc., R. R. Co.* v. *Schmidt,* 81 Ind. 264; *King* v. *Thompson,* 87 Pa. St. 365; S. C., 30 Am. R. 364; Dill. Mun. Corp. (3d ed.), sec. 1006.

There are recent decisions of this court to the effect that a person is not obliged to forego travel on a highway which he knows to be dangerous, but may proceed, and if he uses proper care and is injured, he may recover. But the care in such case to avoid injury must be in proportion to the danger he might encounter by reason of the defect or obstruction. *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490; *City of Huntington* v. *Breen,* 77 Ind. 29; *Turner* v. *Buchanan,* 82 Ind. 147 (42 Am. R. 485); *Murphy* v. *City of Indianapolis,* 83 Ind. 76; *Wilson* v. *Trafalgar, etc., G. R. Co.,* 83 Ind. 326; *Henry County Turnpike Co.* v. *Jackson,* 86 Ind. 111 (44 Am. R. 274); *Town of Albion* v. *Hetrick,* 90 Ind. 545 (46 Am. R. 230); *Wilson* v. *Trafalgar, etc., G. R. Co.,* 93 Ind. 287. In *Toledo, etc., R. W. Co.* v. *Brannagan, supra,* this court said: "Knowledge that there is a defect in a highway, making it dangerous to attempt to travel upon it, does not of itself make it negligence to use the highway carefully and cautiously. Knowledge of the existence of a dangerous place does, however, make it incumbent upon the traveller to use care and caution proportionate to the danger which he knows lies in his way."

The decision of a court can properly have reference only to the case before it, and it is quite difficult, perhaps impossible, to formulate general principles that shall even control similar cases where the circumstances are not precisely the same. The appellee's knowledge of the situation and condition of the

water-box prior to her injury did not *per se* make it negligence for her to attempt to pass over that part of the sidewalk where it was located; but it did impose upon her the duty of using care and caution in proportion to the danger. Such care and caution as she was thus required to exercise would obviously have saved her from harm. As appellant's counsel say in their brief: " No sidewalk is so narrow that an obstruction six by seven and one-half inches may not be avoided, if proper care is observed. There is no one who can walk, but that may, in the exercise of proper care, step over an obstruction one and one-fourth inches high." The rule to be gathered from the authorities is, we think, that where it is clearly apparent that notice of a danger is sufficient with the use of care to avoid an injury therefrom, it must be held that if an injury does result from it, there can be no recovery, for the reason that the plaintiff must be held guilty of contributory negligence.

" The question of negligence is one of mingled law and fact, to be decided as a question of law by the court when the facts are undisputed or conclusively proved, but not to be withdrawn from the jury when the facts are disputed and the evidence is conflicting." *Gagg* v. *Vetter*, 41 Ind. 228 (13 Am. R. 322). In *Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind. 185, it was said: " The question of negligence is ordinarily a mixed one of law and fact, but when the facts are found, then their legal consequences constitute purely a question of law for the court, and not for the jury." See, also, *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186.

The jury, in the present case, in finding for the appellee in their general verdict, must have concluded that she was without negligence in receiving the injury complained of. But the facts specially found by them were in irreconcilable conflict with the conclusion reached in the general verdict, and, in such case, the special finding must control. R. S. 1881, section 547.

We would be reluctant to reach the conclusion we have, if,

upon examining the evidence, it appeared to us even doubtful what the decision ought to be. But the evidence clearly shows that the obstruction, and the knowledge by the appellee of its existence, were as stated in the special findings of the jury. It further clearly appears that the appellee used no care whatever to avoid the injury.

It is insisted by counsel for appellant that the obstruction in controversy was one for which the city would, in no event, be liable. Covering only six by seven and one-half inches of the sidewalk, and being only one and one-fourth inches above its surface, it is claimed that one exercising ordinary care in walking, even without notice of the existence of the water-box, could not have received an injury from it. A city is not an insurer against accidents upon its streets and sidewalks. It is simply required to keep its streets and sidewalks in a reasonably safe condition for persons travelling in the usual modes by day and night, and using ordinary care. A man may stumble and fall anywhere, in a house or in a street, but, because he happens to fall in the street, it follows by no means that the city is responsible for the injury he receives. There are slight inequalities in sidewalks, and other trifling defects and obstructions against which one may possibly strike his foot and fall, but if injury might be avoided by the use of such care and caution as every reasonably prudent person ought to exercise for his own safety, the city would not be liable. *Higert* v. *City of Greencastle*, 43 Ind. 574; *Raymond* v. *City of Lowell*, 6 Cush. 524; *Cornman* v. *Eastern Counties R. W. Co.*, 4 H. & N. 781; *City of Aurora* v. *Pulfer*, 56 Ill. 270; *Ring* v. *City of Cohoes*, 77 N. Y. 83 (33 Am. R. 574); *Macomber* v. *City of Taunton*, 100 Mass. 255; Dill. Mun. Corp., section 1017.

The present case, however, does not require us to decide whether an injury from the obstruction in question could, in any case, be the foundation for an action against the city. We place our decision solely upon the appellee's contributory

negligence, as shown in her previous knowledge of the location and condition of the water-box; this, of itself, in the present case, being conclusive against her right to recover.

Reversed, with costs, with direction to the court below to sustain appellant's motion for judgment in its favor on the special findings.

Filed Dec. 16, 1884.