### SARAH A. MORSE *vs.* INHABITANTS OF BELFAST.

### Waldo.    Opinion January 10, 1885.

*Ways.    Defects.  .  Due care.    Law and fact.*

A town is not required to render a way passable for the entire width of the whole located limits.

In determining the question whether a way is safe and convenient within the meaning of the statute, it is enough that the way is safe and convenient in view of such casualties as might reasonably be expected to happen to travellers.

The law has not prescribed what imperfections in a way will be considered as constituting a defect or want of repair, so as to render a town liable if an injury is occasioned thereby. These are questions of fact, generally, for the jury to settle, under proper instructions.

In an action for personal injuries received by reason of a defect in a way the question, whether the plaintiff, or driver, was in the exercise of ordinary care, is proper for the jury to consider and determine;

ON motion to set aside the verdict.

An action to recover damages for personal injuries received by the plaintiff October 14, 1882, by reason of an alleged defect in a way. The writ was dated February 15, 1883. The plea was the general issue. The verdict was for defendants.

*A. P. Gould and Wm. H. Fogler*, for the plaintiff.

*Thompson and Dunton*, for the defendants.

FOSTER, J. The statute upon which this action is founded provides that a person receiving any bodily injury or suffering damage in his property, "through any defect or want of repair or sufficient railing, in any highway, townway, causeway or bridge, may recover for the same in a special action on the case," etc.

The court is asked to set aside the verdict in this case, which was for the defendants, as being against law and evidence.

That the plaintiff received an injury while travelling over the highway in question is not denied. The defence to this action at the trial, was, that the way was not defective, and that a want

of due care on the part of the person who was driving the plaintiff's horse contributed to the accident.

The road was one leading from Belfast to Searsport; the place where the accident occurred was about a mile from the city, where the road passes by what is known as the "stock farm," and at that place it was smooth, very nearly level, and the surface of the wrought portion at the narrowest point was seventeen feet, and at the place of the accident nineteen feet in width, with shoulders at the sides sloping off somewhat abruptly and forming ditches about two and one-half feet deep.

Over this way the plaintiff was riding with two other persons in the carriage, which was a piano-box top buggy with end springs, about ten o'clock in the evening of October 14, 1882. The night was very dark and foggy, the horse was trotting, and at this place the plaintiff's carriage passed another team coming in the opposite direction having a light in front of the dasher, and in passing, the plaintiff's carriage bore so strongly to the right that the off wheels, leaving the level portion of the way, passed out over the edge of the shoulder and along and part way down the same, and after having proceeded a distance of sixty-four feet, the carriage, with its occupants, was overturned into the ditch on the southerly side, causing the injuries of which the plaintiff complains and for which this action was brought.

It is not denied that the entire surface and travelled portion of the road was smooth, and nearly level, but it is claimed that it was of insufficient width, and it is alleged that the injury complained of arose from the want of sufficient railing along the sides of this way.

The road at the place of accident was of sufficient width for three such teams to pass each other with safety and convenience, under ordinary circumstances, if driven with proper care.

It has been held by this court, and such has been the law for many years, that towns are not required to render a road passable for the entire width of the whole located limits, but that when it has prepared a way of sufficient width, smooth and convenient for travellers, the duty of the town was accomplished. *Johnson* v. *Whitefield*, 18 Maine, 286; *Perkins* v. *Fayette*, 68 Maine,

152; *Farrell* v. *Oldtown*, 69 Maine, 72. And in determining the question whether a way is safe and convenient within the meaning of the statute, we must say, as has been said before, that it is enough that the way is safe and convenient in view of such casualties as might reasonably be expected to happen to travellers. But the law has not prescribed what imperfections in a road will be construed as constituting a defect or want of repair, such as the statute refers to, so as to render a town liable if an injury is occasioned thereby. These are questions of fact, generally, for the jury to settle under proper instructions in reference to the particular circumstances of every given case.

The same may be said in regard to what constitutes due care. The law is unquestioned that in actions of this kind the jury must be satisfied as an affirmative fact to be established by the plaintiff, and as a necessary part of his case, that at the time of the accident the party, or, as in this case, the driver was in the exercise of ordinary care.

In this case the evidence before us shows that Dr. Pierce, one of the occupants of the carriage and who was driving the plaintiff's horse at the time, had frequently passed over this road and was well acquainted with its location and condition. He saw the light from the carriage which was coming from the opposite direction some time before the carriages passed, but "supposed it was a light in a house" till the carriages were very near each other. The night was extremely dark and foggy,— so dark that one witness testifies he could not see his horse's head,— and it appears that the plaintiff's horse was driven at a trot, and this continued from the time the light was first seen till the carriage was overturned. Whether, under all the circumstances of the case as developed in evidence, the party driving the plaintiff's horse was at the time in the exercise of due care, owing to the darkness of the night, the liability of meeting other teams, the degree of speed, the nature of the vehicle and the number of persons it contained, was a question proper for the jury to consider and determine.

At the trial the jury had a view of the way. To be sure, it was a year from the time of the accident, but the testimony shows

that there had been no material change in it since that time. Whether the way was of insufficient width, or there was want of " sufficient railing " at the place, was also a question which was properly addressed to the judgment of the jury and under proper instructions from the court.   The plaintiff's carriage required but five and one-half feet space upon this way which was nineteen feet in width; and while the defect complained of is not only the want of sufficient railing, but also the ditches at the sides of the way, it may be proper to notice the fact uncontradicted in evidence that the wheels upon one side of the carriage were only a part of the way down the bank at the time the accident occurred. It can not, therefore, be reasonably claimed that the remaining depth of the ditch outside and below the wheels contributed to the overturning of the carriage.

Our statutes require that highways shall be made reasonably safe and convenient for travellers.   But in the construction of such ways it oftentimes becomes necessary, as well as proper, to construct ditches along their sides, and when this is properly done it is not the province of the court to declare them defects. This is in accordance with the principle laid down in *Macomber* v. *Taunton*, 100 Mass. 256, in which CHAPMAN, C. J., says: " On each side of this way there may be ditches.   These are so necessary for the proper drainage of the carriage-way that they are held not to be defects, if properly constructed, though travellers may be liable to fall into them in the dark."

The plaintiff also claims there should have been a railing between these ditches and the travelled way.   If it were necessary in this instance for the purpose of rendering the road reasonably safe and convenient, we have no doubt there are very few roads, then, in our State which would not require it.   As remarked by PETERS, J., in the recent case of *Spaulding* v. *Winslow*, 74 Maine, 537 :   " There are many thousands of such places within this State.   If railings were required for them, towns would have extraordinary burdens to maintain their roads."

To justify setting aside the verdict in this case the court must feel that it is clearly, manifestly wrong.   We can not assume that the jury have acted dishonestly or perversely, or have been

governed in their conclusions by such bias or prejudice as would warrant us in disturbing the verdict. Experience teaches us they would be as liable to be influenced in favor of the plaintiff in this case, as they would in favor of the defendants. Nor can we say that the verdict is so clearly, manifestly wrong, either in respect to the alleged defects, or the exercise of due care on the part of the driver, that we should be justified in setting it aside.

> *Motion overruled.    Judgment on the verdict.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.