Monks, J.
Appellant brought this action against appellee to recover damages for injuries alleged to have been received while traveling upon appellee’s road. Appellee’s demurrer to the amended complaint was sustained and appellant, refusing to plead further, judgment was rendered against him. The only error assigned calls in question the action of the court in sustaining said demurrer.
That part of the complaint necessary to the determination of the question presented is substantially as follows: In 1895 appellee was, and had been, for forty-five years the owner of a turnpike road commencing at the city of Aurora, Dearborn county, and running thence through the town of Cochran in said county, and collected during all of said time toll for travel thereon; that at or near the east boundary of said town of Cochran the bed of said turnpike road is only twenty feet in width on which vehicles can travel; and that at said point for a distance of three hundred feet the turnpike bed was constructed and maintained on a curved line; that said line curves south in traveling on the turnpike west, and on the north side along said curved line there has been at all times a steep embankment, fill and pitfall one hundred feet long and five feet deep, and high; and immediately on the opposite side of said turnpike for one hundred feet there has been at all times a deep ditch three feet wide and three feet deep, and the space between said ditch on the south side and embankment on the north side, which can be safely used, is only twenty feet. That appellee’s right of way along said part of the turnpike is sixty feet; that appellee negligently failed to erect or maintain any railing, guards, or other barrier along said embankment, fill and pitfall to protect persons and vehicles traveling over said turnpike from falling over and down said embankment at said point; *324 that appellant was a practicing physician and had for several years immediately before the commencement of the action in April, 1895, resided at Aurora and had practiced his profession in that city and the surrounding neighborhood, including the town of Cochran; that in March, 1894, at 10.30 o’clock at night, appellant was called to visit a patient at the town of Cochran; that he at once started to attend said call, traveling in a buggy drawn by one horse over appellee’s road, which was then the best, common and usually traveled route to reach said patient’s residence; that at the time he left his residence it was dark, and he proceeded along said road westward, and as he approached the east line of said town of Cochran and said embankment and pitfall he used due care and caution to prevent an accident, and that in driving and guiding said horse at said point by reason of the darkness, appellant could not distinctly see said space of twenty feet or said embankment, .though then and there using due care. and caution as aforesaid, and there being no guard, railing or posts or other obstruction along said embankment, as aforesaid, to prevent persons, horses and vehicles in the darkness from passing over and falling down said embankment, the said horse attached to the buggy in which appellant was riding, without any fault or negligence on the part of appellant, but solely on account of the negligence of appellee, as herein averred, walked over and down said embankment and into said pitfall, etc.
It is urged that the facts alleged are not sufficient to show that appellant was required to erect and maintain guards or barriers along said turnpike where it is alleged appellant’s horse walked over the embankment. It is true, as claimed by appellee, that roads in the country or outskirts of a city are not required to be constructed and maintained the same as is required *325 in the thickly settled parts of a city. What would constitute a defect in the street of a city might be no defect at all in a turnpike road in the country. It may be necessary that the whole width of some streets in a city be worked and maintained so as tó be passable for wheeled vehicles, yet this will not be required of a turnpike road in the country. Whether a street or turnpike is reasonably safe for travel is a question to be determined by the surrounding circumstances, the nature and surface of the soil over which the road is made, the natural obstructions and obstacles to be overcome, its situation and locality and the kind and amount of public travel which passes over it. 2 Shearman and Redfield on Negligence, section 352. Rice v. Montpelier, 19 Vt. 470; Kelsey v. Glover, 15 Vt. 708; Green v. Danby, 12 Vt. 470; Hull v. Richmond, 2 Woodb. and M. 337; Fitz v. Boston, 4 Cush. 365; Howard v. Bridgewater, 16 Pick. 189; Macomber v. Taunton, 100 Mass.255; Morse v. Belfast, 77 Me. 44; Perkins v. Fayette, 68 Me. 152; Blake v. Newfield, 68 Me. 365; Spaulding v. Winslow, 74 Me. 528; Farrell v. Oldtown, 69 Me. 72; Monongahela City v. Fischer, 111 Pa. St. 9, 2 Atl. 87; City of Scranton v. Hill, 102 Pa. St. 378; Keyes v. Marcellus, 50 Mich. 439, 15 N.W. 542; Fulliam v. Muscatine, 70 Ia. 436, 30 N. W. 861; Parkhill v. Town of Brighton, 61 la. 103, 15 N. W. 853; Wheeler v. Town of Westport, 30 Wis. 392; Farnum v. Town of Concord, 2 N. H. 392; Johnson v. Town of Haverhill, 35 N. H 74; Hubbard v. City of Concord, 35 N. H. 52; Graves v. Shattuck, 35 N. H. 257; Winship v. Enfield, 42 N. H. 197; 2 Dillon on Munic. Corp., sections 1006, 1008, 1016, 1019, and cases cited in notes.
It is said in section 352, 2 Shearman and Redfield on Negligence: “It may even be doubted whether width for the passage for more than one carriage will. *326 be required on a country road, in places where ledges of rock, or other great natural obstacles interpose. The most that can be required, in a road of so difficult a nature, is that the sides should be in such a state as would admit, without unusual delay or trouble, of the passing of carriages when they meet.”
In Wheeler v. Town of Westport, supra, it was said, “What would be considered a reasonably safe and convenient road in a spársely populated rural district, where there is but little public travel, might and generally would not be so regarded in the midst of denser populations, or in crowded thoroughfares in or near to cities or large towns and villages, where increased facilities and superior accommodations are required for the great numbers of travelers and vehicles by which the highway is almost continuously occupied. So, too, what may be looked upon as reasonably safe and convenient passage in a broken or mountainous region, where the road has to be made over steep hills and through rugged valleys, along the narrow margin of streams, or upon the sides of declivities or rocky or precipitous places, might not be so considered where it lies upon a plane or level country, or over the undulating and smooth surface of an open prairie. No one would expect, for example, to find the same ease and facility, the same safety and convenience of travel, upon a road running up and down the- bluffs and steep hillsides bordering upon the Mississippi, and other rivers flowing into it in the western part of this state, or over and through the pine or other forests, or through the cedar and tamarack swamps in the northern part of it, as should be found upon the roads across the prairies, and through the openings in the central and southern portions of the state. * * * No one anticipates the same space or breadth of ground for travel on roads constructed in narrow *327 valleys or ravines, or along the sides of hills, or through dense woods or swamps, as on roads made in places where these natural impediments and difficulties do not exist.”
In Morse v. Belfast, supra, on p. 47, the court said: “But in the construction of such ways it often becomes necessary, as well as proper, to construct ditches along their sides, and when this is properly done it is not the province of the court to declare them defects. This is in accordance with the principle laid down in Macomber v. Taunton, 100 Mass. 256, in which Chapman, C. J., says: ‘On each side of this way there maybe ditches. These are so necessary for the proper drainage of the carriage-way that they are held not to be defects, if properly constructed, though travelers may be liable to fall into them in the dark.’
“The plaintiff also claims there should have been a railing between these ditches and the traveled way. If it were necessary in this instance for the purpose of rendering the road reasonably safe and convenient, we have no doubt there are very few roads, then, in our State which would not require it.”
As was remarked by Peters, J., in the recent case of Spaulding v. Winslow, 74 Me., on p. 537: “There are many thousand of such places within this state. If railings are required for them, towns would have extraordinary burdens to maintain their roads.”
In this State the statute does not require a turnpike company to construct and maintain its road of a greater width than eight and one-half feet, and the road need not be of uniform width throughout its entire length. Neff v. Mooresville, etc., Gravel Road Co., 66 Ind. 279; Wayne, etc., Turnp. Co. v. Moore, 82 Ind. 208; Speer v. Greencastle, etc., Gravel Road Co., 4 Ind. App. 525.
It is not, however, necessary for us to determine the *328 question whether appellant’s failure to erect and maintain a railing or other barrier as alleged was actionable negligence, for the reason that the demurrer was properly sustained to the complaint for other reasons.
It is urged that it does not appear from the allegations of the complaint that the negligence of appellant did not contribute to the injury of which he complains.
It is settled law in this State that it must either be expressly alleged in the complaint that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts alleged that the plaintiff was without any fault or negligence contributing to his injury. Riest v. City of Goshen, 42 Ind. 339, 341; Cincinnati, etc., R. R. Co. v. Butler, 103 Ind. 31, 40; Cincinnati, etc., R.W. Co. v. Howard, 124 Ind. 280, 284.
There is no general allegation in the complaint that the injury complained of was inflicted without any fault or negligence on the part of appellant, nor does the want of contributory negligence appear from the facts set-forth in the complaint.
It is true that the complaint alleges that appellant as he “approached said pitfall used due care and caution to prevent an accident” and “that said horse attached to said buggy, in which appellant was riding without any fault or negligence on the part of appellant walked over and down said embankment and into said pitfall,” but these averments fall far short of an allegation that appellant was without any fault or negligence contributing to his injury. These allegations might be true and yet appellant’s negligence may have contributed to his injury. His injury occurred, not while he was approaching the embankment, but after the horse walked over the embankment, and for all that appears from the complaint by the exercise *329 of ordinary care he conld have alighted from the bnggy before it went over the embankment, or in some other way could have avoided the injury.
Moreover, in this case appellant was not deceived by anything appellee had done or omitted to do. He knew the width of the road, he knew of the fills, the embankment, the pitfall, the curve and that he could not see said “twenty foot” space and the said pitfall on account of the darkness. He had full knowledge of the situation and its dangers and with knowledge voluntarily cast himself upon a known peril.
In Town of Gosport v. Evans, 112 Ind. 133, this court on p. 139 said: “If the defect in the pavement, which plaintiff voluntarily encountered, presented an obstruction, . or was of such a character that the town of Gosport was bound to take notice of it, so that it was guilty of negligence in not repairing it, the conclusion follows necessarily that the plaintiff, having full and equal knowledge of its character, was guilty of contributory negligence in venturing upon it, no matter how carefully she may have prepared for the encounter, nor with how much care she went upon it. Her duty was to avoid the obstruction, or venture upon it at her own risk.” This rule has been declared in other cases. Town of Mt. Vernon v. Dusouchett, 2 Ind. 586, 54 Am. Dec. 467; Riest v. City of Goshen, supra; Jonesboro, etc., Turnp. Co. v. Baldwin, 57 Ind. 86; Bruker v. Town of Covington, 69 Ind. 33, 35 Am. Rep. 202; City of Indianapolis v. Cook, 99 Ind. 10, 12, 13; City of Richmond v. Mulholland, 116 Ind. 173; Morrison v. Board, etc., 116 Ind. 431; City of Plymouth v. Milner, 117 Ind. 324; Rice v. Montpelier, 19 Vt. 470; Wheeler v. Town of Westport, 30 Wis. 392; Marshall v. Ipswich, 110 Mass. 522; King v. Thompson, 87 Pa. St. 365, 30 Am. Rep. 364; Parkhill v. Brighton, 61 Ia. 103, 15 N. W. 853; McGinty v. City of Ke *330 okuk, 66 Ia. 725, 24 N. W. 506; Beach on Cont. Neg. (2d ed.), section 248.
In Reist v. City of Goshen, supra, which was an action to recover for an injury received in driving over a bridge, this court said: “The law is well settled that if the plaintiff or his servant knew of the true condition of the bridge when the team and wagon were driven upon it, he cannot, under such circumstances, recover.”
In Jonesboro, etc., Turnpike Co. v. Baldwin, supra, which was an action to recover damages for an injury sustained from a defect in appellant’s road it was held that the appellee’s knowledge of such defect, before driving into it, precluded a recovery on the ground of contributory negligence.
In Bruker v. Town of Covington, supra, the following instruction to the jury was held to have been properly given: “If the plaintiff knew the opening or cellar way was in the sidewalk, and he attempted to pass the place where it was, when, in consequence of the darkness of the night, he could not see it, he has no legal reason to complain of the injury he received on account of the fact that the opening or cellar way was there. In such cases he must be treated as having taken the risk upon himself, and this too although at the time the fact of the existence of the opening was not present to the plaintiff’s mind.”
In City of Indianapolis v. Cook, supra, it was said, on p. 12: “From the nature of the obstruction in question, with the appellee’s knowledge of its condition and situation, it is manifest that with ordinary care she might have passed it, either to the right or to the left, or stepped over it, with safety.- It seems that it was not so dark but that she could see the water box, but if the darkness had-been ever so great, care in providing a light, or in walking, would have avoided stumbling *331 and falling over the alleged obstruction. We think that this was a case where knowledge, such as was possessed by appellee, of the existence of the defect or obstruction in the sidewalk which caused the injury, was conclusive of contributory negligence.”
Applying the doctrine declared in the cases cited, if the night was dark and appellant could not, while driving his horse distinctly see the twenty-foot space, the curve of the road and the ditch on one side and the embankment and pitfall on the other as alleged in the complaint, ordinary care required that he provide a light of some kind or that he alight and lead his horse over that part of the road Not taking these precautions under the circumstances was greater negligence than driving upon a railroad crossing without either looking or listening when the view was obstructed, that danger might be thus avoided.
It is clear that the allegations in the complaint were not sufficient to show that appellant was without fault.
It would seem that it would have required as much care on the part of appellant under the circumstances alleged to have avoided running against the railing if there had been one along the embankment, as was required to avoid driving over the embankment into the pitfall. In either case ordinary care would seem to require, either that appellant provide himself with a light or, that he lead his horse over the part of the road where he claims a railing should have been erected and maintained.
What we have said does not conflict with the doctrine declared in many cases in this State that a person is not obliged to forego travel on a highway which he knows to be defective, but he may proceed and if he uses proper care and is injured he may recover. The rule is, however, in such cases that the care to *332 avoid injury must be in proportion to the danger he might encounter by reason of the defect or obstruction. City of Indianapolis v. Cook, supra.
This is because in this case the facts stated in the complaint do not show that the fault or negligence of appellant did not contribute to his injury, and there is no general allegation that he was without fault. If the want of contributory negligence was shown by the complaint, and the same was otherwise sufficient, then the question whether appellant exercised proper care to avoid the injury in proportion to the danger encountered would arise upon the evidence and be determined thereby.
It follows that the court did not err in sustaining the demurrer to the amended complaint.
Judgment affirmed.