People *ex rel.* Chubb *vs.* Township Board of Scio.

---

PEOPLE *ex rel.* CHUBB *vs.* TOWNSHIP BOARD OF SCIO.

It is requisite to the valid laying out of a highway under R. S. 1846, that application therefor should be made in writing by ten or more freeholders, and notice of the application be given to the persons interested in lands through which the road is to pass. A survey of such road should be made and incorporated in an order to be signed by the Commissioners, and filed in the office of the township clerk, who shall note the time of filing. When it was not shown that any of these requirements were complied with, and the road had never been opened or used, or regarded by the Commissioners as a highway, the court refused a mandamus to the Township Board to show cause why they should not pay the damages to a party through whose lands a highway was claimed to have been laid.

By the Court, GREEN, P. J.

The application for a peremptory mandamus in this case cannot be granted.

The power of the Commissioners of Highways to lay out roads, is derived from sec. 2, chap. 22 of the R. S., which

16

reads as follows: " The Commissioners of Highways shall have power, *in the manner and under the restrictions hereinafter provided,* to lay out and establish, upon actual survey, such new roads in their respective townships as they may deem necessary." One of the restrictions provided in the same Title is, that application shall be made by ten or more freeholders, by writing under their hands, to the Commissioners, for that purpose. (*Sec.* 4, *chap.* 25, *R. S., as amended by laws of* 1848, *p.* 100.) Notice of the meeting of the Commissioners, pursuant to such application, must also be given to persons owning or interested in lands through which the road may pass. (*Sec.* 5, *chap.* 22.)

Sec. 1 of chap. 25, requires that " Whenever the Commissioners of Highways shall lay out, alter or discontinue any road, they shall cause an accurate survey to be made of such road, and shall incorporate such survey in an order to be signed by them, and shall cause such order to be filed and recorded in the office of the Township Clerk, who shall note the time of recording the same upon the record."

It is not shown that any of these requirements were complied with, but so far as anything is shown, the contrary appears. No *order* was made by the Commissioners, establishing the road in conformity with the statute, and the *certificate* of the Commissioners endorsed on the survey bill, was not recorded in the office of the Township Clerk.

The road was never legally laid out and established, and it clearly appears never to have been opened or used, but has been regarded by the Commissioners as not a public highway.

The result is that the relator is not entitled to any damages, and the Township Board was right in refusing to make an order for the payment of the claim.

The application is denied, and the relator must pay to the respondents their costs of opposing the application.