## Betsy Keyes v. Village of Marcellus.

*Ways—Injuries to foot passengers.*

A woman walking in the dark along a village street in a thinly settled part of the community, started to cross the road to go across the

fields when she fell into a hole dug sometime before by children close by a stump, and within five feet of one side of the road. *Held* that this was not a defect in the highway which the village authorities were bound to remedy if they did not suppose that the needs of public travel required it; and that she could not maintain an action against them.

Public travel is not supposed to occupy all parts of a country highway leading out of a village, though within its limits, and the public authorities cannot be expected to put the road in condition as if it were. So *held* where a woman in leaving the pathway at the side of such a road to go cross-lots, fell into a hole.

Error to Cass. (A. J. Smith, J.) April 18.—April 25.

CASE. Defendant brings error. Reversed.

*L. B. Des Voignes* and *Harsen D. Smith* for appellant.

*W. J. Sampson* and *Howell & Carr* for appellee.

COOLEY, J. This action is brought under Act 244 of 1879 to recover for a personal injury occasioned by falling into a hole in one of the streets of the village. The first section of the act provides " that any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, cross-walks and culverts on the same in good repair, and in a condition reasonably safe and fit for travel, by the township, village, city, or corporation whose corporate authority extends over such public highway, street, bridge, cross-walk or culvert, and whose duty it is to keep the same in good repair, such township, village, city, or corporation shall be liable to, and shall pay to the person or persons so injured or disabled, just damages, to be recovered in an action of trespass on the case, before any court of competent jurisdiction. Public Acts 1879, p. 223.

The street in which the injury occurred constitutes a highway from the village into the country, and there is no complaint that the part of it appropriated to the use of teams and vehicles was in any respect out of repair. But the side of the street where the injury occurred had never been put in condition for use, and a stump was left which would

have constituted an impediment. By the side of this stump children had dug the hole into which the plaintiff fell, and it had remained there unnoticed for a considerable time. The street was four rods in width and the hole was within five feet of one line. Buildings for occupation or use were not frequent on this part of the street. Plaintiff had been out to an evening meeting, and in returning from it she started to leave the street and take a nearer route across the fields. It was in doing this she fell into the excavation.

One of the questions made upon the trial was whether the village was under obligation to put and keep in condition for use that part of the street where the injury occurred. The circuit judge held that it was. We think otherwise.

It is evident that the village authorities had never supposed that the needs of public travel required that the stump should be removed and the side of the street prepared for use at this point. The street, though within the corporate limits, was in its use little more than a country highway, and it apparently accommodated the public travel conveniently and safely. And it is to be observed that plaintiff was not making use of the street for the purposes of travel at the time she was injured : she was leaving it to cross the fields and fell into the hole, as in the dark she might have fallen into a ditch by the side of the road, or off the end of a bridge. It is never expected that travel will occupy all parts of such a highway, nor can there be any requirement that the public authorities shall prepare for it. *Howard v. North Bridgewater* 16 Pick. 189 ; *Kellogg v. Northampton* 4 Gray 65 ; *Dickey v. Telegraph Co.* 46 Me. 483 ; *Kelley v. Fond du Lac* 31 Wis. 179.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.