MORTIMER PRICE v. WILLIAM STAGRAY, COMMISSIONER OF HIGHWAYS, AND WILLIAM FELKER, CLERK, OF THE TOWNSHIP OF HAMPTON.

*Highways—Discontinuance—Jurisdiction of commissioner—Notice of hearing—Adjournment.*

1. In proceedings for laying out or discontinuing highways, the record must show *affirmatively* that the requirements of the statute have been complied with, and the *jurisdiction* of the commissioner.
2. When the hearing of an application for the discontinuance of a highway was adjourned by the commissioner for *twenty* days, no action can be legally taken until the *adjourned* day.
3. Ten *full* days' notice must be given of the hearing of an application to discontinue a highway.[1]

Certiorari to highway commissioner to review proceedings discontinuing a highway. Argued November 9, 1887. Proceedings set aside January 5, 1888. The facts are stated in the opinion.

*Lindner, Porter & Haffey,* for petitioner.

SHERWOOD, C. J. This case is a *certiorari* to the commissioner of highways and the clerk of the township of Hampton, in the county of Bay.

The proceedings we are asked to review were taken by said commissioner for the purpose of discontinuing a certain highway running on the east and west quarter line, between the centers of sections 25 and 26, in said township.

It appears from the record that an application was made to the commissioner to discontinue the highway on the third day of May, 1887. On the seventh day of May, a notice

---

[1] See *Soller v. Township of Brown,* 67 Mich. 422, and note.

68 MICH.—2.

was given for the hearing upon said petition on the eighteenth of said month. This notice was addressed to " Mr. Price." Petitioner appeared on that day, at the place appointed for the hearing, and took some objections to the proceedings; and the commissioner announced that the hearing would be adjourned twenty days, within which time new notices would be made and served upon the parties interested. Nothing further appears to have been done until the first day of June, 1887, when the commissioner made and served upon the petitioner the following notice:

"COUNTY OF BAY, TOWNSHIP OF HAMPTON.

"TAKE NOTICE.—

"To Mr. Patrick Bergan, M. F. Price, Peter Van Erp, Michael Engelhartt, John Callahan, Mrs. Linderman, Mary Meagher, Dennis Gallagher, Patrick Toohey, Phillip Webber, and John Carnel:

"You are hereby notified that the undersigned commissioner of highways will meet at the house of Peter Van Erp in said township, at nine o'clock in the forenoon of the sixth of June, 1887, for the purpose of discontinuing the Weber road.                              WILLIAM STAGRAY,

"Commissioner of Highways for the Township of Hampton.

"Dated June 1, 1887."

The return, continuing, gives the following as the final action of the commissioner:

"DISCONTINUING A HIGHWAY.

"To discontinue the highway known and described as follows: Weber road, commencing at a point twenty-five feet and twenty-five hundredths feet (25 and 25-100) north of the center of section twenty-five (25), in town fourteen (14) north, of range five (5) east; thence running in a westerly direction to a point seven feet north of the center of section twenty-six (26), in town fourteen (14) north, of range five (5) east.

"The said highway commissioner did, after due notice, given according to law, proceed on the sixth day of June, 1887, to view the premises described in said application and notice, and ascertain and determine the necessity of discontinuing said highway; and he doth further return that he

considers and determines that said described highway shall be, and the same is hereby, discontinued, and that he does not find any damage sustained by said discontinuance.

"Given under my hand this ninth day of June, 1887.

"WILLIAM STAGRAY,

"Commissioner of Highways of the Township of Hampton."

The petitioner claims the proceedings are erroneous for the following reasons:

1. That the commissioner erred in adjourning the hearing for twenty days to give new notices.

2. That, if such adjournment could be had legally, the hearing should have been on the seventh instead of the sixth of June, 1887.

3. That the notice, given for the hearing on the sixth of June, to petitioner was defective and insufficient.

In cases of this kind the record must show affirmatively that the requirements of the statute have been complied with, and that the commissioner has obtained jurisdiction in the matters, in order to sustain his proceedings. *People v. Township Board of Scio*, 3 Mich. 121; *Ross v. Highway Commissioners*, 32 Id. 301; *Moetter v. Highway Commissioner*, 39 Id. 726. Whatever may be thought of the first point made by the petitioner, we think the second and third must prevail. Under the statute, the commissioner could adjourn the hearing but twenty days, and that day should have been upon the seventh of June, and not upon the sixth, as was done in this case. How. Stat. § 1300; *People v. Highway Commissioners*, 16 Mich. 64; *Van Auken v. Highway Commissioners*, 27 Id. 415.

The notice for the sixth of June was the one relied upon by the commissioner, and given on the first day of June. The statute requires ten days' previous notice to be given, which was not done. How. Stat. § 1298; *Platt v. Highway Commissioner*, 38 Mich. 247; *Detroit Sharpshooters Ass'n v. Highway Commissioners*, 34 Id. 38; *People v. Highway Commissioners*, 14 Id. 528; *Dupont v. Highway Commissioners*, 28 Id. 362; *Names v. Commissioners of Highways*, 30 Id. 490.

The action of the commissioner must be set aside, and the proceedings quashed.

CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.