ALBERT DIXON v. COMMISSIONER OF HIGHWAYS OF THE TOWNSHIP of PORT HURON.

*Highways—Notice of proceedings to establish—Jurisdiction of commissioner.*

Ten *full* days' notice of a meeting of the commissioner to determine the necessity of laying out a highway must be served upon the owners or occupants of the land through or adjoining which it is proposed to lay out said road. *Platt v. Highway Commissioner,* 38 Mich. 247.[1]

Certiorari to the highway commissioner of the township of Port Huron to review his proceedings in laying out a highway.    Submitted on briefs April 17, 1889.    Proceedings quashed June 14, 1889.    The facts are stated in the opinion.

*Stevens & Merriam,* for petitioner.

LONG, J.    *Certiorari* to the highway commissioner of the township of Port Huron.

The petitioner is the owner of a piece of land situated in said township, through which, under proceedings had before the commissioner, it is proposed to locate and establish a highway; said land being occupied, as it is claimed, by petitioner's tenant.

The petition was presented to the commissioner for the establishment of this highway, signed by the requisite number of freeholders of the township, on September 18, 1888, and on the nineteenth he served a notice, as is claimed, on only a part of the residents whose land was affected by the opening of such highway, and also posted notices at the several points in the township required by the statute.

[1]See *Soller v. Township Board of Brown,* 67 Mich. 422 (head-note 1, and note).
    75 MICH.—15.

The notice stated that the proceedings would be heard on the twentieth of September, at 2 o'clock in the afternoon. On that day, as appears from the return, the commissioner, on his own motion, adjourned the hearing until October 13, 1888, without stating any definite time or particular place; and on October 13 he claims to have gone on and established the highway.

At the time of the institution of the proceedings the petitioner was a resident of Port Huron, and the premises owned by him, and through which said road was to be established, were occupied by his tenant, and had been for a number of years.

The commissioner, in his return, states that he served this notice upon certain persons, owners of the lands through which said highway was to be established, and certain of these parties appeared before him on September 20, among whom was Herman W. Stevens, and that, while said Stevens stated he did not appear for any one, he verily believed that said Stevens appeared for Albert Dixon, the petitioner herein. It is not claimed that any notice was ever served upon Dixon, or on his tenant in possession of the premises.

The questions raised are:

"1. That the notice of hearing either served or posted on September 19, 1888, for a hearing to take place on the twentieth of that month, was too short to give the commissioner jurisdiction.

"2. That, had he acquired jurisdiction upon a proper notice, he lost the right to proceed further by adjourning the hearing without specifying the hour and place of such adjournment.

"3. That the law requires when the premises are occupied that the notice of hearing shall be served upon the occupant, and the failure of the commissioner to make such service is fatal to the proceedings."

These points are well taken, and the proceeding is fatally defective.

How. Stat. § 1298, provides that when the petition for the

laying out of a highway shall be presented, signed by the requisite number of freeholders, the commissioner shall, within five days thereafter, issue a written notice, etc., which notice shall be served, etc., on the owners or occupants of the land through or adjoining which it is proposed to lay the same out, at least 10 days before the day of hearing. Here no notice was served at all upon the occupants of these premises, and in the notice actually served upon the other parties the time fixed for the hearing was only one day from date of service, and only one day from date of notice. This was a fatal defect. *Platt v. Highway Commissioner*, 38 Mich. 247; *Sallee v. Ireland*, 9 Id. 157.

We need not discuss the other questions raised.

The commissioner was without jurisdiction, and the whole proceeding must be reversed and quashed, with costs.

The other Justices concurred.