BROWN *v.* TOWNSHIP OF BYRON.

1. MUNICIPAL CORPORATIONS—TOWNSHIPS—HIGHWAYS.
   Where plaintiff sustained injuries to his person in using a temporary road or turnout to cross an interurban track, it being out of repair, and the township in which it was situated was not alleged to have constructed the temporary way, or participated in the establishing of the same, which was not made a public highway by dedication or by statutory proceedings, the trial court did not err in sustaining a demurrer to the declaration, since the liability of a township for injuries sustained in the highway is limited by statute to public ways. Act No. 283, Pub. Acts 1909 (2 How. Stat. [2d Ed.] §§ 2462, 2174, 2179.)

2. SAME—STATUTES—CONSTRUCTION.
   The liability of municipalities for injuries upon highways is purely statutory and cannot be enlarged by construction.

3. SAME.
   Public highways can be established in two ways only under the statutes of this State: (1) by proceedings instituted by the commissioner of highways of a township upon written application of freeholders, notice, etc.; (2) by user.

4. SAME—PERSONAL INJURIES.
   One who travels outside of the limits of a legally established highway must be held to do so at his peril, so far as his statutory remedy against the township is concerned, even though the municipality has, without legal authority, alone or in conjunction with others, constructed a temporary way.

Error to Kent; Perkins, J. Submitted October 12, 1915. (Docket No. 57.) Decided December 22, 1915.

Case by Edward Brown against the township of Byron and others for personal injuries. From an order sustaining a demurrer to plaintiff's declaration he brings error. Affirmed.

*Nichols & Shaw,* for appellant.

*Edward N. Barnard,* for appellees.

Plaintiff in his declaration sets out that the defendant township for more than 10 years prior to August 21, 1913, maintained a certain highway within the limits of said township; that the defendant, the Michigan Railway Company, on said date was the owner of an interurban railway which passed through said township, and which railway intersected said highway in said township at a point near the east boundary line of said township of Byron; that the defendant, the Michigan Railway Engineering Company, was on said date engaged in the building and construction of said railway at said place in said township; that previous to said date all three defendants during the construction of the railway, at the point where said interurban line crosses the highway running east and west between sections 24 and 25 of said township, constructed a temporary road across said interurban line for the use of public travel; that at the point where said interurban railway crosses said highway, it became and was necessary to build a viaduct or bridge over said interurban railway; that during the construction of said interurban railway and of said viaduct, it also became and was necessary for the traveling public and pedestrians and persons driving teams and vehicles in passing along said highway to use said temporary road around said intersection, which said road was built and laid out by the said defendants as aforesaid; that said road so laid out extended from said highway around said place of intersection to a point north of said intersection a distance of 300 feet from said highway, at which place said temporary roadway crossed said interurban right of way; that thereupon it became the duty of defendants to keep said temporary roadway extending around

the said intersection of said highway and said interurban right of way, as aforesaid, in reasonable repair, and in a condition reasonably safe and fit for public travel; that, disregarding said duty, the defendants on said August 21, 1913, permitted said temporary way to become out of repair and in a condition unsafe and unfit for public travel, and permitted a large hole, to wit, 3 feet in diameter and 2 feet deep, to remain along the line of said temporary roadway at a point 300 feet north of said intersection of said highway with said interurban railway, and 20 feet west of said interurban railway, and within the right of way of said interurban railway, and particularly that the defendant township of Byron, failing in its duty, negligently and carelessly constructed said temporary roadway around said intersection in such manner that the same was unsafe and unfit for public travel, and permitted the same to remain in such condition; and that plaintiff, using said temporary way with due care on his part, on said date received certain injuries for which recovery is sought. To this declaration defendant township of Byron interposed a demurrer in the following terms:

"(1) It is not alleged or shown by said declaration that the plaintiff sustained bodily injury or other damage upon any public highway or street within the corporate limits or jurisdiction of the said township of Byron.

"(2) It is not alleged or shown by said declaration that the construction of the temporary road referred to in said declaration was made by or under the municipal authorities of the said township of Byron.

"(3) The said township of Byron had no lawful municipal authority to construct the temporary road for the purposes for which it was alleged that said temporary road was constructed."

The court having sustained the demurrer, a request was filed by counsel for plaintiff that reasons be given by the trial court for sustaining the demurrer. The

learned circuit judge thereupon filed the following reason:

"I do not believe that a township is liable under the statute for injuries sustained outside the established portion of the highway."

Plaintiff in this court now reviews the order sustaining the demurrer.

BROOKE, C. J. (*after stating the facts*).  Plaintiff claims that the township became liable for injuries sustained by him upon this temporary highway, which he claims is a public highway within the meaning of the statute, for two reasons:

(1) Because it was connected with a public highway in such a way as to become part of it, the opening and terminus being the public highway.

(2) Because it was held out to the public as a public highway, and the public were invited and induced to use it as a public highway.

Many authorities are cited by plaintiff, alleged by him to support his contention.  With reference to those cited from this State, it is sufficient to say that the question, though presented in the recent case of *Hayden* v. *Township of Bangor*, 182 Mich. 601 (148 N. W. 691), was undetermined, for the reason that plaintiff's recovery was there held to be barred upon the ground of contributory negligence.  We have frequently held that the liability of municipalities for injuries upon highways is purely statutory, is in derogation of the common law, and cannot be enlarged by construction. See *Miller* v. *City of Detroit*, 156 Mich. 630 (121 N. W. 490, 132 Am. St. Rep. 537, 16 Am. & Eng. Ann. Cas. 832), and cases cited.  The statute under which plaintiff seeks to recover limits recovery to bodily injuries sustained—

"upon any of the public highways or streets in this State, by reason of neglect to keep such public high-

ways or streets, and all bridges, sidewalks, crosswalks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel." 2 How. Stat. (2d Ed.) § 2462.

Public highways can be established in two methods only under the law of this State: (1) By proceedings instituted by the commissioner of highways of a township upon written application of freeholders and notice to landowners to be affected, appraisement of damages, and the making of a proper record in the office of the township clerk. 2 How. Stat. (2d Ed.) §§ 2174 to 2179. These proceedings must conform strictly to statute, or they are void. *Price* v. *Stagray*, 68 Mich. 17 (35 N. W. 815); *Dixon* v. *Commissioner of Highways*, 75 Mich. 225 (42 N. W. 814). By the second method public highways may be established by user. 2 How. Stat. (2d Ed.) § 2193. It is clear that at the point where plaintiff was injured the defendant township of Byron had not established a "public highway" within the meaning of that term as used in the statute upon which liability is predicated. We are of opinion that one who travels outside of the limits of a legally established highway must be held to do so at his peril, so far as his statutory remedy against the township is concerned, even though the municipality has, without legal authority, either alone or in conjunction with others, constructed a temporary way for his accommodation.

The judgment is affirmed.

PERSON, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.