GOODRICH v. COUNTY OF KALAMAZOO.

1. HIGHWAYS AND STREETS—TARVIA.
    Fact that tarvia pavement 14 feet wide sloped toward either edge for the obvious purpose of drainage does not render construction of such highway negligent.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE —MINORS.
    In action by administratrix of minor's estate against county for alleged obstruction in highway causing fatal injuries when car in which decedent was riding collided therewith, contributory negligence of decedent's driver is disregarded since such negligence could not be imputed to the minor.

3. HIGHWAYS AND STREETS—COUNTY LIABILITY—CONSTRUCTION OF STATUTES—COMMON LAW.
    Since the liability of a county for keeping county roads reasonably safe and convenient for public travel is imposed only by statute and is in derogation of the common law, the liability cannot be enlarged by construction (1 Comp. Laws 1929, § 3996).

4. SAME—COUNTY LIABILITY—PUBLIC TRAVEL.
    A county's obligation to maintain its highways reasonably safe and convenient for public travel applies to the traveled portion of the road and not to the entire width of the highway (1 Comp. Laws 1929, § 3996).

5. SAME—SURFACE—SIDES—SHOULDERS—DANGER.
    A defect in a county highway for which liability may attach to the county is something that interferes with movement over it; roads in good condition made dangerous by something on the sides or shoulders of them not being defective within the meaning of the statute (1 Comp. Laws 1929, § 3996).

6. SAME—MAINTENANCE OF TRAVELED PORTION—SHOULDERS.
    It is not within the statutory duty of the county to maintain shoulders of improved county highways so that such shoulders

Maintenance of public highways, see 2 Restatement, Torts, § 418.

will be reasonably safe and convenient for public travel in the same sense that the county is required to so maintain the paved or improved portion which is designed for ordinary or normal travel (1 Comp. Laws 1929, § 3996).

7. SAME—MAINTENANCE OF SHOULDERS.
   Shoulders of a highway are constructed and maintained for restricted uses and the requisite condition of maintenance varies accordingly.

8. SAME—COUNTIES—TREES IN SHOULDER OF HIGHWAY—NEGLIGENCE.
   County which maintained a road paved with tarvia to a width of 14 feet with a three-foot dirt or gravel shoulder along the side was, as a matter of law, not negligent in permitting a tree to remain about 30 inches from the paved portion of the road, hence was not liable for death of minor riding in a car which collided with the tree when the driver lost control without there having been present any emergency caused by other vehicles, persons or objects in the highway (1 Comp. Laws 1929, § 3996).

Appeal from Kalamazoo; Spier (James E.), J., presiding. Submitted January 5, 1943. (Docket No. 11, Calendar No. 42,142.) Decided February 23, 1943.

Case by Sophia Goodrich, administratrix of the estate of Lottie Juanita Goodrich, deceased, against County of Kalamazoo for damages for personal injuries causing death of plaintiff's decedent when car in which decedent was riding struck a tree. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Howard, Howard & Howard,* for plaintiff.

*Sweet & Paulson, Raymond W. Fox* and *L. J. Carey* and *Geo. J. Cooper,* for defendant.

NORTH, J. This is an action brought by plaintiff as the administratrix of the estate of Lottie Juanita

Goodrich, deceased, against Kalamazoo county to recover damages for the death of plaintiff's decedent, caused by injuries resulting from a collision with an alleged obstruction in the highway. Plaintiff had judgment and defendant has appealed.

On March 11, 1941, about 8:15 in the morning, plaintiff's decedent, aged 16 years, was a passenger in an automobile owned and driven by her sister, Bernice Goodrich, on a north and south county road, known as the Pickerel Lake road in Kalamazoo county, Michigan. This road was surfaced with tarvia or blacktop to a width of about 14 feet and had dirt and gravel shoulders to a width of about three feet. At or near the point of the accident there are several trees alongside the paved portion of the road, one tree being approximately 30 inches from the east edge of the pavement. The car in which decedent was riding was proceeding in a northerly direction and at a point near or opposite this tree the car either went out of control of the driver or skidded on the pavement, ran off the east edge of the pavement, and its right front collided with the tree which was about 30 inches from the edge of the pavement. There was present no emergency caused by other vehicles, persons or objects in the highway. As a result of this collision Lottie Juanita Goodrich received injuries from which she died.

Plaintiff makes no claim that the pavement was out of repair; though it is noted that from the center this pavement sloped toward either edge for the obvious purpose of drainage, but such construction cannot be considered negligent. Any question of contributory negligence on the part of the driver must be disregarded because decedent was a minor and the negligence of the driver of the vehicle cannot be imputed to her. It is conceded that this high-

way was under the control of the defendant county, and that defendant had notice of the ·claimed defective condition, *i. e.,* the tree standing near the pavement.

The controlling question in the instant case may be stated as follows: Under the circumstances of this record, was there an issue of fact for the jury's determination as to defendant having been guilty of negligence which was a proximate cause of the accident by permitting the tree to remain standing approximately 30 inches from the edge of the pavement and within the shoulder area? As stated in appellee's brief this question reads:

"Is proximate cause and the defendant's negligence a question of fact for the jury where the defendant permits a tree to stand in the shoulder of the road within two feet six inches of tarvia so constructed that it slopes towards the tree?"

The instant case is somewhat novel, and we do not find another case in this jurisdiction squarely on all fours. It must be noted that liability of defendant county for defects in a county road is a liability imposed only by statute (1 Comp. Laws 1929, § 3996 [Stat. Ann. § 9.121]). There was no common-law liability.

"We have frequently held that liability of municipalities (counties) for injuries upon highways is purely statutory, and in derogation of the common law, and cannot be enlarged by construction." *Brown* v. *Township of Byron,* 189 Mich. 584.

The responsibility of the defendant county is only that the highway be kept "reasonably safe and convenient for public travel."

"The township (or county) is not obliged to keep its highways absolutely safe for travel. The stat-

ute only requires that it shall keep them *reasonably safe and fit for public travel." Harris* v. *Township of Clinton,* 64 Mich. 447, 457 (8 Am. St. Rep. 842).

It is quite uniformly held that the above-noted duty of the public authorities applies to the traveled portion of the road and not to the entire width of the highway.

"It is never expected that travel will occupy all parts of such a highway, nor can there be any requirement that the public authorities shall prepare for it." *Keyes* v. *Village of Marcellus,* 50 Mich. 439 (45 Am. Rep. 52).

"A defect in a highway is something that interferes with movement over it. Roads in good condition made dangerous by something on the sides of them are not for that reason defective within the meaning of the statute (Kansas Rev. Stat. § 68-301)." *Bohm* v. *Racette,* 118 Kan. 670 (236 Pac. 811, 42 A. L. R. 571).

"It was not incumbent on the county to keep the full width of a county road open and fit for travel. It is generally held that if it was open and improved for a sufficient width to make it reasonably safe and convenient for ordinary travel, it is enough, and that if the local authorities do so, it is not compelled to keep the sides of the prepared way free from obstructions." *Arnold* v. *Coffey County Commissioners,* 135 Kan. 551 (11 Pac. [2d] 729).

The shoulder of the road has been held not to be a part of the "wrought" or "traveled" portion of the road.

"As already indicated, we think the statute (Connecticut Gen. Stat. § 1639) permits and requires a construction that the traveled portion of the highway comprises only that portion intended for nor-

mal travel, excluding the dirt shoulders on either side.'' *Kurtz* v. *Morse Oil Co.,* 114 Conn. 336, 341 (158 Atl. 906).

''The dirt shoulder of the road where defendant's truck was parked was not a part of the traveled portion of the highway, as that phrase is used in the rules of the road (Connecticut General Statutes, § 1639), or in the statute (Connecticut General Statutes, § 1653) providing that no vehicle shall be permitted to remain stationary on the traveled portion of the highway except upon its right-hand side of such highway, and this shoulder was not a part of the highway intended for ordinary travel. *Kurtz* v. *Morse Oil Co.,* 114 Conn. 336 (158 Atl. 906). The verdict of the jury in favor of the plaintiff cannot therefore be sustained on the theory of the original complaint that the defendant's truck, in parking on the dirt shoulder, was obstructing the highway.'' *Mlynar* v. *A. H. Merriman & Sons,* 114 Conn. 647 (159 Atl. 658).

There are cases in this jurisdiction holding that a ''reasonably safe condition of the road'' is a question of fact for the jury, but an inspection of such cases reveals that in practically all of them the accident resulted from a claimed defect in the traveled portion of the highway, or incident to some proper use of the shoulder. *Wilson* v. *Township of Coe,* 233 Mich. 75; *Vinton* v. *Township of Plainfield,* 208 Mich. 179; *Lamb* v. *Township of Clam Lake,* 175 Mich. 77. We distinguish these cases from the present case wherein no question is raised concerning the traveled portion of the road.

But in the instant case we are considering the presence of a tree approximately two and one half feet off the pavement and extending about six inches inside the outer boundary of the shoulder of the paved road. It is not within the statutory duty

of the county to maintain shoulders of improved county highways so that such shoulders will be "reasonably safe and convenient for public travel" in the same sense that the county is required to so maintain the paved or improved portion which is designed for ordinary or normal travel. Instead the shoulders are constructed and maintained for other and restricted uses; and the requisite condition of maintenance varies accordingly. While the shoulders at the point where this accident occurred were approximately three feet in width it seems obvious the defendant would not have been derelict in its duty if the shoulders had been only two feet in width; and in that event there could be no question of negligence based on the theory that the tree involved in this collision was permitted to stand in the highway—*i. e.,* within the traveled portion of the highway. The tree was a perfectly visible object and a warning to the public that at that point the shoulder was available for pertinent uses only to the width of two and one half feet. The pavement in and of itself distinctly disclosed and defined the portion of this highway which was intended for ordinary travel by the public. It was adequate and reasonably fit and safe for such use. Conclusively, under this record, the accident was not due to any negligence of defendant. This accident happened under circumstances and from causes which were not of the character ordinarily incident to public travel on this highway, nor such as defendant's county road commissioners in the exercise of reasonable care were bound to anticipate. Under such circumstances it must be held as a matter of law that the defendant did not fail to keep this county road at the point of accident "reasonably safe and convenient for public travel" as

required by statute; and therefore defendant was not guilty of negligence.

While two justices held that a highway statute of similar purport to the statute hereinbefore cited (1 Comp. Laws 1929, § 4225 [Stat. Ann. § 9.593]) was not involved, the prevailing opinion in the recent case of *Rufner* v. *City of Traverse City,* 296 Mich. 204, held otherwise and contains the following:

" 'This (1 Comp. Laws 1929, § 4223) does not require that all parts of a country road, even within corporate limits, shall be prepared for travel. *Keyes* v. *Village of Marcellus,* 50 Mich. 439 (45 Am. Rep. 52). And it undoubtedly is the right of a city to determine, in its discretion and beyond judicial review, what part of a nominal highway shall be devoted to the various purposes of travel, to locate the road for vehicular traffic, and the portions for sidewalks, gutters, parkways and other suitable uses. *McArthur* v. *City of Saginaw,* 58 Mich. 357 (55 Am. Rep. 687).' "

Defendant's motions for a directed verdict and its later motion for judgment *non obstante veredicto* were erroneously denied in the trial court. The judgment entered there for plaintiff is reversed without a new trial. Defendant will have costs of both courts.

Boyles, C. J., and Chandler, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.