KUCHTA v. ST. CLAIR BOARD OF COUNTY
ROAD COMMISSIONERS

Opinion of the Court

Highways—Negligence—Pleading—Duty—Summary Judgment.
Denial of defendant's motion for summary judgment affirmed in
case where complaint pleaded negligence on the part of the
defendant board of county road commissioners, alleging a
duty on the part of the defendant to keep a county road
reasonably safe, fit and convenient for public travel, and a
breach of that duty which was a proximate cause of fatal
injuries to plaintiff's decedent and damages to plaintiff.

Appeal from St. Clair, Halford I. Streeter, J.
Submitted *en banc* May 13, 1968, at Detroit.
(Docket No. 2,646.) Decided March 24, 1969, Leave
to appeal denied October 24, 1969. See 382 Mich 791.

Complaint by Edward J. Kuchta, administrator
of the estate of James Kuchta, deceased, against
the Board of County Road Commissioners of St.
Clair County, for the wrongful death of his decedent
when an automobile in which he was riding went
off the end of a county road onto private property
and collided with a tree. Defendant appeals from
trial court's denial of motion for summary judg-
ment. Affirmed.

Reference for Points in Headnote
41 Am Jur, Pleading §§ 340–343.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr,* for plaintiff.

*Bush, Luce, Henderson & Black,* for defendant.

BEFORE: The Entire Bench.

T. G. Kavanagh, J.* This action arises out of an accident which occurred on October 13, 1964, wherein plaintiff's decedent, a passenger in a vehicle operated by James M. Bocci, suffered fatal injuries in a one-car accident which occurred at the intersection of Taft road and Island drive in Clay township, St. Clair county, Michigan. The car in which plaintiff's decedent was riding was traveling southeast on Taft road, a highway which terminates at its intersection with Island drive, thereby forming a so-called "dead-end" intersection.

The vehicle in which plaintiff's decedent was a passenger failed to stop at the intersection. It continued through the intersection onto private property to the south and collided with a tree.

Plaintiff claimed liability on the part of the defendant board of county road commissioners alleging a duty on the part of the defendant to keep Taft road reasonably safe, fit and convenient for public travel, a breach of that duty, which breach was a proximate cause of the fatal injuries to plaintiff's decedent and damages.

The trial court denied defendant's motion for summary judgment[1] on July 25, 1966. On appeal this case was consolidated with the case of *Mullins* v. *Wayne County, ante,* p 365, and argued before

---

* Thomas Giles Kavanagh, Justice of the Supreme Court, assigned to sit on the Court of Appeals from February 27, 1969, "until the work assigned has been completed" pursuant to Const 1963, art 6, § 4, and CLS 1961, § 600.225, as amended.

[1] GCR 1963, 117.

our Court sitting *en banc*. Our decision in *Mullins* (decided today) controls disposition of this case.

Affirmed, with costs to appellee.

R. B. Burns, Fitzgerald, J. H. Gillis, and Levin, JJ., concurred with T. G. Kavanagh, J.

Holbrook, J., *(concurring in result)*. This action arises out of an accident which occurred on October 13, 1964, wherein plaintiff's decedent, a passenger in a vehicle operated by one James M. Bocci, suffered fatal injuries in a one car accident which occurred at the intersection of Taft road and Island drive in Clay township, St. Clair county, Michigan. The car in which plaintiff's decedent was riding was traveling southeast on Taft road, a highway which terminates at its intersection with Island drive, thereby forming a so-called "dead-end" intersection.

The vehicle in which plaintiff's decedent was a passenger failed to stop at the intersection. It continued through the intersection onto private property to the south and collided with a tree.

Plaintiff claimed liability on the part of the defendant board of county road commissioners alleging a duty on the part of the defendant to keep Taft road reasonably safe, fit and convenient for public travel, a breach of that duty, which breach was a proximate cause of the fatal injuries to plaintiff's decedent and damages.

The trial court denied defendant's motion for summary judgment on July 25, 1966. Defendant filed application for leave to appeal in this Court, which was denied on November 9, 1966. Subsequently defendant filed application for rehearing, and leave to appeal was granted on December 22, 1966. The case was consolidated with the case of *Mullins* v. *Wayne County* (1969), 16 Mich App 365,

*ante,* for oral argument before the Court of Appeals *en banc* on May 13, 1968.

This case is governed by my opinion in *Mullins* v. *Wayne County, supra.* In the instant case plaintiff (unlike the plaintiff in *Mullins*) alleged in his complaint all of the proper elements necessary to stating a cause of action against defendant. Allegations concerning the claimed duty of the county to place and maintain certain traffic-control signs and devices are superfluous and as stated in my opinion in *Mullins* v. *Wayne County, supra,* do not state a cause of action and may be disregarded.

The denial of summary judgment by the trial court in favor of defendant county is hereby affirmed. No costs, a public question being involved.

LESINSKI, C. J. and QUINN, J., *(dissenting).* For reasons expressed in *Mullins* v. *Wayne County* (1969), 16 Mich App 365, the trial court should be reversed and defendant's motion for summary judgment of no cause of action granted.

No costs, a public question being involved.

McGREGOR, J., concurred with LESINSKI, C. J. and QUINN, J.