LYNES *v.* ST. JOSEPH COUNTY ROAD COMMISSION

1. HIGHWAYS—GOVERNMENT LIABILITY—SCOPE OF DUTY—IMPROVED PORTION.
   A governmental agency having jurisdiction over a highway has the duty to keep the improved portion of the highway designed for vehicular travel in reasonable repair and in a condition reasonably safe and fit for travel (MCLA § 691.1402).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5-8] 39 Am Jur 2d, Highways, Streets, and Bridges § 340 *et seq.*
[2, 5, 10] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 491-495.
[4] 50 Am Jur, Statutes § 358.
[9] 50 Am Jur, Statutes § 339 *et seq.*

2. HIGHWAYS—GOVERNMENTAL LIABILITY—SCOPE OF DUTY—TRAFFIC CONTROL DEVICES.

　　The erection and maintenance of traffic control devices are included in a governmental agency's statutory duty to keep a highway under its control in reasonable repair and in a condition safe and fit for travel (MCLA § 691.1402).

3. HIGHWAYS—GOVERNMENTAL LIABILITY—SCOPE OF DUTY—IMPROVED PORTION.

　　Statutory duty of a governmental agency to keep the improved portion of a highway designed for vehicular traffic under its control in reasonable repair and in a condition reasonably safe and fit for travel is not limited to the pavement itself and whatever equipment physically touches the pavement, because the duty to keep the highways safe would be negated by such a limitation (MCLA § 691.1402).

4. STATUTES—CONSTRUCTION OF STATUTES.

　　Effect must be given to every part of a statute and one part must not be so construed as to render another part nugatory.

5. HIGHWAYS—IMPROVED PORTION—TRAFFIC CONTROL DEVICES.

　　Traffic signals which control the flow of traffic are an integral part of the improved portion of a highway (MCLA § 691.1402).

### DISSENT BY E. W. BROWN, J.

6. HIGHWAYS—GOVERNMENTAL LIABILITY—IMPROVED PORTION—DEFINITION.

　　*The "improved portion of a highway designed for vehicular travel", as used in the statute imposing liability on a governmental agency having control of a highway, means the traveled portion of the highway (MCLA § 691.1402).*

7. HIGHWAYS—GOVERNMENTAL LIABILITY—SOURCE.

　　*The liability of a municipality or a county for defective maintenance of highways is imposed only by statute; common-law liability did not exist.*

8. HIGHWAYS—GOVERNMENTAL LIABILITY—CONSTRUCTION.

　　*The liability of a county or a municipality for defective highways, being purely statutorily imposed, cannot be enlarged by construction (MCLA § 691.1402).*

9. Statutes — Enactment — Presumptions — Legislative Knowl-
edge.

> The legislature in adopting or changing a statute is presumed
> to act with knowledge and regard of existing laws and deci-
> sions interpreting them.

10. Highways — Governmental Liability — Traveled Portion —
Traffic Control Devices.

> Liability of state and county road authorities are limited to the
> improved, traveled or paved portion of the highway; traffic
> control devices are not a source of liability (MCLA § 691-
> .1402).

Appeal from St. Joseph, Mark S. Andrews, J.
Submitted Division 3 April 8, 1970, at Grand Rapids.
(Docket No. 7170.)   Decided December 9, 1970.

Complaint by H. Milton Lynes against St. Joseph
County Road Commission for damages for negli-
gence in failing properly to maintain a stop sign.
Summary judgment for defendant.   Plaintiff ap-
peals.   Reversed.

*Michael O'N. Barron,* for plaintiff.

*Troff, Lilly, Bonow, Piatt & File (John D. Doyle,*
of counsel), for defendant.

Before: Holbrook, P. J., and Bronson and E. W.
Brown,* JJ.

Bronson, J.   The essential facts of the instant
case, as recited in plaintiff's complaint, may be
quickly stated: On September 25, 1967, at approxi-
mately 11:05 p. m. plaintiff was driving his automo-
bile in a northerly direction on Shimmel Road pro-
ceeding toward the intersection of Shimmel Road

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and Pucker Level Road in St. Joseph County, Michigan. A stop sign, located on the southeast corner of the intersection, controlled the flow of northbound traffic on Shimmel Road. This traffic control sign had been placed and authorized by the defendant road commission.

Plaintiff's vehicle proceeded into the intersection without stopping and yielding to traffic on Pucker Level Road. A collision ensued between plaintiff's vehicle and another vehicle which had been proceeding east on Pucker Level Road. Plaintiff claims that the accident and his injuries were caused by the negligence of the defendant in failing to properly maintain the stop sign. More specifically, the plaintiff asserts that his injuries were the proximate result of the defendant's negligent failure to maintain a stop sign so that it had adequate reflective qualities so as to give proper warning to motorists approaching said intersection; to place a warning sign ahead of the stop sign; to position the stop sign in a manner that would give adequate notice to northbound traffic on Shimmel Road; and to maintain the stop sign in a reasonable state of repair. Plaintiff's complaint further alleged that defendant had both actual and constructive notice of the unsafe conditions.

Defendant filed a motion for summary judgment pursuant to GCR 1963, 117, alleging that:

"The plaintiff has failed to state a claim upon which relief can be granted in that there is no legal liability imposed upon the defendant herein for the alleged acts of negligence as specified in plaintiff's complaint."

The trial court, for the following reasons, granted the defendant's motion for a summary judgment:

"This case obviously turns on a construction of the '64 act which became effective on July 1 of '65 which would control this case.[1]

\* \* \*

"Actually, it seems to me what we have here is a question of what is 'the improved portion' of the road, under the statute that does by express terms repeal certain sections of the highway law and which repeals any others which are inconsistent by implication."

\* \* \*

"[The legislature has] limited liability in this area of highways to the traveled portion and I will have to grant the motion."

The trial court, by equating "the improved portion" with "traveled portion" (pavement), construed the statute to provide the defendant with immunity from liability for injuries proximately caused by the defendant's negligence in the construction and maintenance of traffic control devices. In so construing the statute, the trial court erred.

The statute which specifically imposes liability upon the defendant for bodily injury resulting from its failure to keep the highways in a condition reasonably safe and fit for travel provides:

"Each governmental agency having jurisdiction over any highway *shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency.* The liability, procedure and remedy as to county roads under the jurisdiction of

---

[1] MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102]).

a county road commission shall be as provided in section 21, chapter 4 of Act No 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of.1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel. No action shall be brought against the state under this section except for injury or loss suffered on or after July 1, 1965. Any judgment against the state based on a claim arising under this section from acts or omissions of the state highway department shall be payable only from restricted funds appropriated to the state highway department or funds provided by its insurer."[2]   (Emphasis added.)

The trial court, at the time it granted the defendant's motion for a summary judgment, did not have the advantage of this Court's decision in *Mullins* v. *Wayne County* (1969), 16 Mich App 365,[3] where

---

[2] MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102]). This statute expressly incorporates by reference MCLA § 224.21 (Stat Ann 1958 Rev § 9.121), which provides in part:

"It is hereby made the *duty* of the counties *to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel,* all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system." (Emphasis added.)

[3] The *Mullins* decision was originally decided by this Court in 1966 and is reported in 4 Mich App 359. That decision was appealed to the Michigan Supreme Court where an evenly-divided court affirmed the Court of Appeals' decision. *Mullins* v. *Wayne County* (1968), 380 Mich 151. The Supreme Court vacated its order of affirmance *sua sponte* and remanded the case to the Court of Appeals for a hearing *en banc.* This Court, on remand, reversed its earlier ruling by a five to four vote, 16 Mich App 365, and rendered the same decision in the companion case of *Kuchta* v. *St. Clair Board of County Road Commissioners* (1969), 16 Mich App 390.

this Court stated the following with respect to the above-mentioned statute:

"The language of [MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102])], applicable effective July 1, 1965, parallels the verbiage in force since 1885. The new language in the 1964 law stating that 'the duty of the State and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel,' *does not lessen the duty of the road authority to keep the 'improved portion of the highway designed for vehicular travel' in 'reasonable repair, and in condition reasonably safe and fit for travel.'* "[4] (Emphasis added.)

Thus, in addition to incorporating by reference MCLA § 224.21 (Stat Ann 1958 Rev § 9.121), the legislature in enacting MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102]) retained the requirement contained in former statutes which imposed upon the county road commission the duty to keep the highways "in reasonable repair and in a condition reasonably safe and fit for travel". Construing the section of a former statute which imposed the same duty upon the road commission, the Supreme Court in *O'Hare* v. *City of Detroit* (1960), 362 Mich 19, 23, 26 stated:

"We cannot agree with the trial judge that 'failure of a city to maintain a stop sign does not come under this heading' of 'failure to maintain public highways and streets in reasonable repair.' "

"Dealing in a case of first impression with the Michigan statute imposing specific liability for in-

[4] *Mullins* v. *Wayne County* (1969), 16 Mich App 365, 373, fn 3.

juries resulting from municipal failure to maintain its streets in a condition reasonably safe and fit for travel, *we hold that maintenance of a stop sign, once erected, is part of that statutory liability.*" (Emphasis added.)

This Court in its recent decision in *Mullins* v. *Wayne County, supra,* pp 380, 381, stated the following with respect to the *O'Hare* decision:

"The argument in *O'Hare* v. *City of Detroit* (1960), 362 Mich 19, 23, that the case there before the Court was a particularly strong one because the missing stop sign had once been erected *does not constitute a holding that signs need never be erected in the first instance as part of the duty to keep the road reasonably safe.*" (Emphasis added.)

In the instant case a stop sign had been placed by the proper authorities for the purpose of controlling the flow of traffic. The defendant had the duty, imposed by statute, to place and maintain the stop sign in a manner to make travel upon the highways reasonably safe. *O'Hare* v. *City of Detroit, supra; Mullins* v. *Wayne County, supra.* See *Malloy* v. *Township of Walker* (1889), 77 Mich 448; *Joslyn* v. *City of Detroit* (1889), 74 Mich 458.

We are not prepared to say that the action or inaction of the defendant in the instant case constituted negligence which proximately caused the accident. This issue is not before the Court. We merely hold that the defendant has a statutory duty to maintain the highways under its jurisdiction in a condition "reasonably safe and fit for travel". The installation and maintenance of a traffic control device is included within the scope of this duty. Until the evidence of the plaintiff is heard, the Court cannot properly determine whether sufficient evidence relating to causal negligence and breach of the duty was introduced to make a question for the jury on the

pleaded issues of defendant's negligence. *Mullins v. Wayne County, supra,* p 378.

The argument presented by the defendant, and accepted by the trial court as the basis for granting the defendant a summary judgment, that MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102]) exempts the defendant from liability in the instant case because the stop sign is not part of the "improved portion of the highway designed for vehicular travel" is not persuasive. Under defendant's interpretation of the statute, the duty of the defendant to keep the highways safe and fit for travel would be limited to the pavement itself and whatever equipment physically touches the pavement. Although this interpretation would provide a certain ease in the application of the statute, it would completely negate the first part of the statute, as well as that part of MCLA § 224.21 (Stat Ann 1958 Rev § 9.121), both of which impose the duty on the defendant to keep the highways safe and fit for travel. We cannot accept the argument that the legislature intended such a result. It is recognized law that in construing a statute effect must be given to every part of it and one part must not be so construed as to render another part nugatory. *Sutton* v. *Globe Knitting Works* (1936), 276 Mich 200; *Remus* v. *City of Grand Rapids* (1936), 274 Mich 577.

Traffic signals which control the flow of traffic are an integral part of the improved portion of the highway. The presence or absence of such signals, as well as the conditions in which they are maintained, directly relates to the statutory duty imposed upon the defendant to maintain the highway in a condition safe and fit for travel.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for trial.

HOLBROOK, P. J., concurred.

E. W. BROWN, J., (*dissenting*). Act 170 of Public
Acts of 1964, MCLA § 691.1401 *et seq.* (Stat Ann
1969 Rev § 3.996 [101] *et seq.*), which became ef-
fective on July 1, 1965, is entitled:

"An act to make uniform the liability of municipal
corporations, * * * when engaged in a govern-
mental function, for injuries to property and per-
sons caused by negligence; to define and limit the
liability."

Section 2 of this Act reiterates the previous statu-
tory duty of governmental agencies "to keep any
highway under its jurisdiction in reasonable repair,
and in condition reasonably safe and fit for travel".
It then goes on to provide:

"The duty of the state and the county road com-
missions to repair and maintain highways and the
liability therefor, shall extend only to the improved
portion of the highway designed for vehicular travel
*and shall not include sidewalks, crosswalks or any
other installation outside of the improved portion of
the highway designed for vehicular travel.*" (Em-
phasis supplied.)

The sole issue for review is whether defendant's
liability under section 2, *supra,* extends to traffic
control devices. The trial court, in granting de-
fendant's motion for summary judgment, equated
the meaning of "the improved portion of the high-
way designed for vehicular travel" with the "trav-
eled portion" and held that the stop sign was outside
of the traveled portion of the highway. I agree.

The statutory law and its interpretation prior to
the 1964 act, MCLA § 691.1401 *et seq.* (Stat Ann
1969 Rev § 3.996[101] *et seq.*), clearly upheld plain-
tiff's position and the conclusion reached by the

majority in the instant case. However, *Mullins* v. *Wayne County* (1969), 16 Mich App 365, and its companion case, *Kuchta* v. *St. Clair Board of County Road Commissioners* (1969), 16 Mich App 390, were decided under prior legislation. The same is true of *O'Hare* v. *City of Detroit* (1960), 362 Mich 19, which held that the failure of a city to maintain a stop sign is a failure to maintain public highways and streets in reasonable repair. Our question, therefore, concerns the effect of the 1964 statute on restricting the scope of prior precedent—a question not heretofore answered by the appellate courts of this State. That statute was "an attempt to make uniform the liability of governmental agencies when engaged in governmental functions". *Maki* v. *City of East Tawas* (1969), 18 Mich App 109, 122.

The effect of this new legislation was discussed by Circuit Judge Victor J. Baum, of the Wayne County bench, in an article appearing in the May, 1965, issue of the Michigan State Bar Journal, entitled "Governmental Immunity in Michigan—Some Recent Developments". Judge Baum, no stranger to the law of governmental immunity (he was the trial judge in *Williams* v. *City of Detroit* (1961), 364 Mich 231), concluded at p 44:

"The new legislation does seven things:

"1. It restores governmental immunity from top to bottom. From the lowliest municipal corporation to the highest echelon of state government, all public agencies are immune while engaged in governmental functions, except in the following three areas.

"2. The statute excepts from its very broad restoration of immunity, three types of activities:

"(a) *defective maintenance of roads,*

"(b) negligent operation of motor vehicles,

"(c) defective maintenance of public buildings." (Emphasis supplied.)

Keeping in mind this broad restoration of immunity, let us consider the first exception—defective maintenance of roads—set forth in section 2 of the statute.

In the first place it must be remembered, as was noted in *Goodrich* v. *County of Kalamazoo* (1943), 304 Mich 442, 445, "that liability of defendant county for defects in a county road is a liability imposed only by statute. (1 Comp. Laws 1929, § 3996 [Stat. Ann. § 9.121]). There was no common-law liability."

"We have frequently held that the liability of municipalities [counties] for injuries upon highways is purely statutory, is in derogation of the common law, and cannot be enlarged by construction." *Brown* v. *Township of Byron* (1915), 189 Mich 584, 587.

As noted, MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102]) restricts the duty of the state and county road commissions to "the *improved portion* of the highway designed for vehicular travel *and shall not include* * * * *any* * * * *installation outside of the improved portion of the highway designed for vehicular travel.*" (Emphasis supplied.) The Supreme Court in *Goodrich, supra,* in determining the scope of the duties of a road authority where a car struck a tree located about 30 inches from the pavement, defined improved portion at p 446 as being limited "to the traveled portion of the road and not to the entire width of the highway." *Goodrich, supra,* cited *Keyes* v. *Village of Marcellus* (1883), 50 Mich 439, 441, in which it was stated:

"It is never excepted that travel will occupy all parts of such a highway, nor can there be any requirement that the public authorities shall prepare for it."

*Kurtz* v. *Morse Oil Co.* (1932), 114 Conn 336, 341 (158 A 906) was cited with approval in *Goodrich, supra,* as defining the "traveled" or "improved portion" of the highway at pp 446, 447:

" 'As already indicated, we think the statute (Connecticut Gen. Stat. § 1639) permits and requires a construction that the traveled portion of the highway comprises only that portion intended for normal travel, excluding the dirt shoulders on either side.' "

The Court in *Goodrich, supra,* then defines the meaning of the term "improved portion of the highway" as follows at pp 447, 448:

"It is not within the statutory duty of the county to maintain shoulders of improved county highways so that such shoulders will be 'reasonably safe and convenient for public travel' in the same sense that the county is required to so maintain the paved or improved portion which is designed for ordinary or normal travel".

The legislature in adopting or changing a statute is presumed to act with knowledge and regard of existing laws and decisions interpreting them. *Department of Conservation* v. *Connor* (1948), 321 Mich 648. As the trial court commented, whether the legislature acted wisely or not is not for the courts to say. The legislature by the adoption of MCLA § 691.1402 (Stat Ann 1969 Rev § 3.996[102]), explicitly limited the liability of state and county road authorities to the improved, traveled, or paved portion of the highway, whichever term one chooses to use, and traffic control devices are beyond that specific limit.

I would affirm the trial court.